**UNITED STATES of America,**
**Plaintiff,**

v.

**John GONZALEZ, Defendant.**

United States District Court
S. D. New York.
Dec. 18, 1958.

See also 33 F.R.D. 280.

Arthur H. Christy, U. S. Atty., for plaintiff; Edward R. Cunniffe, Asst. U. S. Atty., of counsel.

Bella V. Dodd, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

Petitioner, John Gonzalez, moves pursuant to Rule 33 Fed.R.Crim.P., for a new trial, on the grounds of newly discovered evidence, and in the alternative for the correction of his sentence. The motion is denied in all respects.

Gonzalez, who had previously been convicted of two narcotics violations, was charged, in a five count indictment, with violations of the narcotics laws and with conspiracy to violate those laws. He and three co-defendants were tried before me, without a jury, on May 23–24, 1956. At the trial the Government conclusively proved, through the persuasive testimony of three agents of the Narcotics Bureau, that the petitioner made illegal sales of narcotics on February 27, 1956 and on March 9, 1956. He was convicted on all five counts and on June 13, 1956 was sentenced as a third offender to 16 years imprisonment on each count, the sentences to run concurrently. An appeal from the conviction was dismissed by a judgment of the Court of Appeals dated October 6, 1958 and filed with this court on November 12, 1958. The present motion was filed on October 21, 1958.

## A. MOTION FOR NEW TRIAL

### (1) *The Standard Applied*

I turn first to petitioner's motion for a new trial. However, before discussing in detail the various grounds urged in its support, I believe it is appropriate to examine the standards to be applied to a motion of this type.

In the interest of safeguarding the finality of judgments so vital to the just and efficient enforcement of our criminal law, the courts have long held that new trials should be granted "only with great caution." United States v. Costello, 255 F.2d 876, 879 (C.A.2), cert. denied 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958); United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946). As the Supreme Court has stated: "It is obvious * * * that this privilege [the granting of a new trial] might lend itself for use as a method of delaying enforcement of just sentences. Especially is this true where delay is extended by appeals lacking in merit." United States v. Johnson, supra, 327 U.S. at 112, 66 S.Ct. at 466.

These dangers inherent in motions for new trials have been largely obviated by applying to them a just but strict standard. Thus, to justify the granting of a new trial, under the standard approved in the Costello case, supra, the petitioner must generally show, among other things: that the evidence has come to his knowledge since the trial; that it was not owing to the want of due diligence that it did not come sooner and that it is so material that it would probably produce a different verdict, if the new trial were granted. Moreover, a new trial will not be granted if the only object of the testimony is to impeach the character or credit of a witness. See also United States v. On Lee, 201 F.2d 722 (C.A.2), cert. denied 345 U.S. 936, 73 S.Ct. 798, 97 L.Ed. 1364 (1953). It has also been said that in cases involving the recantation of a material witness, a new trial will be allowed only where: (a) the court is reasonably well satisfied that the testimony given by a

material witness is false; (b) that without it the jury *might* have reached a different conclusion; (c) that the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial. Larrison v. United States, 24 F.2d 82, 87–88 (C.C.A. 7, 1928); see United States v. Johnson, 142 F.2d 588, 591 (C.C.A.7), petition for cert. dismissed 323 U.S. 806, 65 S.Ct. 264, 89 L.Ed. 643 (1944); United States v. Hiss, 107 F. Supp. 128, 136 (S.D.N.Y.1952); aff'd 2 Cir., 201 F.2d 372, cert. denied 345 U.S. 942, 73 S.Ct. 830, 97 L.Ed. 1368 (1953). I need not concern myself with the problem as to which of these rules is applicable here, since under either, petitioner has failed to make any showing that would justify the granting of a new trial.

### (2) *The "Recantation" of Aponte*

■ Petitioner first urges that he is entitled to a new trial because he has recently learned that his co-defendant, Aponte, who testified at the trial, subsequently recanted. It is quite true that *after the conviction* though before sentencing, Aponte informed the court that her testimony had consisted of lies and that this perjury had been induced by the threats of the petitioner. However, I fail to see how her recantation would be helpful to Gonzalez or how it would justify the granting of a new trial. My recent examination of the record has served only to confirm my original recollection that Aponte's testimony at the trial was completely exculpatory of Gonzalez. Indeed, petitioner concedes this, but argues that the perjurious nature of Aponte's statements (which were in-

tended to exculpate him) was an important factor in his conviction. I am not impressed by this somewhat strained and novel argument. The conviction was certainly not based upon any negative inferences drawn from Aponte's testimony. It rested on the persuasive evidence introduced by the government. The strength of the case against the petitioner is evident from an examination of the record and Aponte's perjury could not possibly have affected the result. Further, the rule urged by petitioner would result in chaos. Under it, a convicted defendant would be entitled to a new trial because a witness lied in his favor at the trial by giving exculpatory evidence. The absurdity of such a contention is patent.

### (3) *The "Special Employee"*

■ I proceed now to petitioner's contention that Narcotics Agents Cerda and Schrier lied when they testified at the trial that they were ignorant of the whereabouts of "Ida", the informer used by the government in this case.[1]

This is, of course, an extremely serious charge. Yet petitioner offers not a scintilla of evidence tending to support it. Upon the argument, petitioner's counsel referred to several cases in which the same special employee played a part. However, her participation in these cases is in no way inconsistent with the testimony of the narcotics agents. The papers before me show that "Ida" testified in none of these cases and that in all of them the offenses charged were committed prior to the time that Agent Schrier testified that he had lost contact with her. I clearly recall the testimony of agents Cerda and Schrier. At the time, I believed them to be most trust-

---

1. In this case, as in many narcotics prosecutions, an informer or "Special Employee" was used by the Government to introduce the narcotics agents to the suspects. The informer in this case was with Agent Cerda at the time both sales were made. However, she did not testify at the trial.

Agent Cerda testified that the "Special Employee" was known as "Ida" or "Pat Allen"; that his last contact with her had been on March 9, 1956, the date of the last sale, and that he did not know her address. Later Agent Schrier stated that his last contact with "Ida" had been at the end of March. He said that he had known her address before that time, but had subsequently lost track of her.

worthy and credible witnesses. This view has been reinforced by my reading of the record. Furthermore, the Government has submitted the affidavits of both Cerda and Schrier, in which they reiterate their prior testimony concerning the special employee. Agent Schrier states that he had no contact with the informer between late March and mid August of 1956, almost three months after the trial. I have no doubt that the agents told the truth both at the trial and in the affidavits. In light of the foregoing, I can only conclude that on this issue the petitioner has completely failed to demonstrate that the testimony of any witness was false, and has clearly not offered any evidence that could possibly result in acquittal if a new trial were granted. He has thus not met the requirements for the granting of a new trial under either of the tests, which I have discussed supra.[2] See also United States v. On Lee, supra.

(4) *Other Grounds Urged*

██ Petitioner offers several other grounds which are said to require the granting of a new trial. I find that these are without merit and require but little discussion. For example, petitioner objects to the manner in which Aponte's testimony was translated at the trial. Having failed to raise this point at the proper time, petitioner cannot now offer it as a ground for the granting of a new trial. Petitioner was present throughout the trial and well understood English and Spanish. He would certainly have been aware of any faults in the translation and if there were any, his objection would have been noted so that the Court could take steps to provide an interpreter meeting his approval. No such objection was made. Furthermore, petitioner does not offer any newly discovered evidence in this regard which would warrant a new trial. I must make exactly the same answer to petitioner's assertion that his constitutional rights were violated at the time of his arrest. Gonzalez also asserts that he has recently discovered that the husband of his co-defendant, Aponte, had been convicted on a narcotics charge sometime before petitioner's trial. I fail to see how the outcome of the trial could have been affected had this information been in Gonzalez's possession before his conviction. Certainly there is no charge that the government suppressed this. It must be emphasized that Mrs. Aponte did not testify as a government witness. She was a co-defendant with Gonzalez, both of whom were represented by able counsel, and she testified in her own behalf and favorably to Gonzalez. Counsel for Gonzalez could have questioned her about her husband if he saw fit. This he did not do. Indeed, the fact that Aponte's husband had been arrested was brought out at the trial and it was Gonzalez's own counsel who objected to questions concerning Mr. Aponte. (R.156). Similarly, I see no relevance in the fact that not all of the offenses charged in the indictment were listed in the original complaint under which petitioner was arrested.

On the basis of the record and the other papers before me, the oral argument of this motion, and my own recollection of the trial, I can find no grounds that would justify my exercising my discretion to grant a new trial. The motion for a new trial is, therefore, denied.

**B. REDUCTION OF SENTENCE**

██ I must also deny petitioner's motion for a reduction of his 16 year sentence. At the time of sentencing, I had the benefit of a full pre-sentence re-

---

2. Even if we assumed that the informer's testimony would be favorable to the petitioner, and as I have said there is no such indication, her statements would at most tend to impeach those of the government witnesses. Although I do not base my decision upon this fact, I note that new trials are generally not grant-ed on the basis of newly discovered evidence that is cumulative or merely impeaching. United States v. On Lee, supra; see United States v. Brewster, 231 F.2d 213 (C.A.2, 1956); Mesarosh v. United States, 352 U.S. 1, 9, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956).

port on Gonzalez. The report revealed, inter alia, a record of convictions stretching back to 1923, including two previous narcotics offenses. Petitioner is a proven menace to society and this is nowhere better illustrated than by the facts of this case. At the time of his arrest, he was a man of mature years, and was not only engaged in a particularly vicious activity but was involved with two youths, one of whom (Schultz) was approximately 17 years of age. When I imposed sentence, I was aware of the assistance that the petitioner had rendered to the New York City police. However, I had no doubt that in petitioner's mind, this assistance was given to furnish what he believed would be immunity from punishment for crimes which he could go on committing with impunity. This "assistance" rendered by Gonzalez while at the same time continuing his own criminal enterprises only serves to point up the insidious character of the petitioner. The minimum sentence which I could have imposed on Gonzalez as a third offender was 10 years while the maximum was 20 years. Considering all the facts, the sentence of 16 years was fair and reasonable.

Motion denied in all respects.

See also 33 F.R.D. 276.