**Dan PELIA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16771.**

United States Court of Appeals
Ninth Circuit.

June 9, 1960.

Marvin M. Mitchelson, Beverly Hills, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Los Angeles, Cal., and Paul Hofflund, Asst. U. S. Attys., San Diego, Cal., for appellee.

Before CHAMBERS, Chief Judge, and BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

Appellant was tried before a jury and convicted of "stealing or purloining, or causing to be stolen, or purloined from the United States * * * [some] thing of value in excess of $100."

■ The actual theft was accomplished by three young men; two of them airmen in the United States Air Force. The objects stolen were seven or eight 4,000 foot lengths of nylon towing rope of unusual size, color and capacity. The three testified their theft took place at appellant's instigation. Appellant denied his part in instigating the theft, or in transporting, or in possessing, the rope. The testimony of these three youths was suspect, in that they might have testified falsely in an attempt to save themselves. In rebuttal, an apparently disinterested witness (appellant's landlord) testified that coils of this unusual rope were for one night shortly after the theft in appellant's and the witness' jointly used garage.

After conviction, a motion for new trial was made and denied. This is an appeal from that denial. The sole ground of error alleged on this appeal is that the motion for new trial should have been granted.

This motion for a new trial in the court below was on the basis of newly

discovered evidence. It is to the effect that one of the three co-actors who testified against appellant was the real culprit in the case.

The six affidavits of the nine individuals filed in support of the motion were, in general, merely cumulative of previous testimony. The affidavit of appellant's daughter and wife, for example, substantiates the testimony of appellant's landlord that the coiled rope was on appellant's premises, although both deny the rope was appellant's property. The affidavit of Oreb indicates that appellant had a sample of the rope in his possession in San Pedro and was trying to sell coils of it although he claimed the sale was to be made for another. This is cumulative to appellant's own testimony, that he tried to sell rope from an eight inch sample for one of the three youths involved to help him out.

Of even more importance, there is no showing that the purported "newly discovered evidence" was not available to the appellant before or during his trial, or discoverable during the more than three months between appellant's arrest and his trial. His only excuse for his wife and daughter not being present at the trial was that they were "on vacation." Other than this, there was no showing of due diligence to explain why the evidence proffered after the trial could not have been presented at it.

Furthermore, because of their cumulative effect, or their incompetency and nonmateriality,[1] the value of the affidavits to appellant is extremely doubtful.

■ But whether good or bad affidavits, or whether weak or strong, they were passed upon by the trial judge. He has a large discretion in determining the weight to be given such alleged new evidence and in determining what diligence is necessary. We cannot interfere with that discretion unless it can be said to have been abused. We find no abuse of discretion here. United States

1. One affidavit of a constable was to the effect that he had never seen the appellant carrying bundles or spindles of rope, but he had seen children playing with "tow target rope" during 1957.

v. Johnson, 1946, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562, reversing, 7 Cir., 1945, 149 F.2d 31; Paddy v. United States, 9 Cir., 1944, 143 F.2d 847; Wagner v. United States, 9 Cir., 1941, 118 F.2d 801.

The judgment of conviction is affirmed.