Daniel Roy PEREZ, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17426.

United States Court of Appeals
Ninth Circuit.

Dec. 16, 1961.

Brian J. Kennedy, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief Crim. Div., J. Brin Schulman and William B. Osborne, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM.

Appellant was indicted, charged with uttering (not the forging or endorsing) of a check with a forged endorsement. He was convicted by the trial court, and placed on probation, without fine or imprisonment.

The principal witness identifying the appellant was the shopkeeper who cashed it, one Lira. The latter's daughter identified appellant as being in the store when she saw her father with check in hand.

Appellant appeals his conviction, but no error was alleged with respect to the trial. Appellant also appeals from the denial of his motion for new trial. His sole ground for error was that his motion should have been granted upon the fifth ground; newly discovered evidence.

The sole question before us is, therefore, not whether there was sufficient evidence to convict, or whether any error occurred at the trial, but only: Did the trial judge improperly deny the motion for new trial on the ground of newly discovered evidence?

The alleged newly discovered evidence was set forth in three affidavits—one by appellant, and two by two friends of appellant (of three and six years standing, respectively). Appellant states he misunderstood the date of the alleged check uttering to have been July 1960, rather than July 1959, and that if he had understood, he would have testified differently at the trial. The two friends add credence by their affidavits as to what appellant's testimony might have been.

■■ The proposed new evidence was an attempt to impeach the identifying witness, Lira. It all "existed" prior to the trial. There was no showing of due diligence in seeking it. Prlia v. United States, 9 Cir. 1960, 279 F.2d 407, 408; Pitts v. United States, 9 Cir. 1959, 263 F.2d 808, cert. denied 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535. The trial judge carefully considered the motion for a new trial, and rejected the worth of the "newly discovered evidence." It is Hornbook law that this court cannot second-guess a trier of fact who has heard

the testimony, scrutinized the witnesses, and noted their demeanor and behavior on the witness stand (Jeffries v. United States, 9 Cir. 1954, 215 F.2d 225, 226; United States v. Johnson, 1946, 327 U.S. 106, 112, 66 S.Ct. 464, 90 L.Ed. 562), and had the opportunity, both at the trial and on motion for a new trial, to place his reliance on those whom *he* believes to have been telling the truth.

Affirmed.