**UNITED STATES of America,
Appellee,**

v.

**Frank Gordon MELLO, Defendant-
Appellant.**

**No. 72–1096.**

United States Court of Appeals,
First Circuit.

Heard Oct. 4, 1972.

Decided Nov. 20, 1972.

---

Norman Kerman, Methuen, Mass., with whom Charles R. McCauley, Jr., Woburn, Mass., by appointment of the Court, was on brief, for appellant.

Lawrence P. Cohen, Asst. U. S. Atty., with whom Joseph L. Tauro, U. S. Atty., was on brief, for appellee.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Appellant Mello was charged in a one count indictment with possession of goods stolen from an interstate railroad shipment in violation of 18 U.S.C. § 659 (1970). The case was tried to a jury and a verdict of guilty was returned. On appeal Mello challenges the sufficiency of the evidence to support the conviction and the trial court's denial of his motion for new trial. For reasons stated below we affirm.

On the morning of April 9, 1971, at approximately 4:00 a. m., Penn Central Police Officer Richard Deroy observed two individuals in the new strip area of the Beacon Park railroad yard in Allston, Massachusetts. One was standing in the rear of an open trailer and the other was on the ground. Deroy was not able to identify these individuals, but he did see the man in the trailer hand a large carton to the second man.

About fifteen seconds later, after Deroy had approached the trailer, he noticed a man walking "hastily" about thirty feet behind it. He confronted this individual, who proved to be Mello, and as he advised him of his rights, the man interrupted him and said something similar to, "Give me a break, I have thirteen years in here and I will get pulled out of service for this." He also said that he did not want to become involved in something he knew nothing about.

Deroy next examined the open trailer. Parked beside it he found a small truck (known in the yard as a "straight job") which normally was used by the mechanics. Its rear doors were open and inside Deroy saw five large cartons which bore markings indicating that they contained RCA color television sets. It was stipulated that these sets were part of a consignment being shipped from Bloomington, Indiana to Westwood, Massachusetts.

On the day in question Mello was employed as a commando operator[1] in the freight yard. His regular working hours were from 4:00 a. m. to 2:00 p. m. In his testimony Mello explained that when Deroy apprehended him near the open trailer he was looking for the yard mechanics because he wanted to borrow a drill to do some repair work on his car.[2] He also testified that supervisor Frank Larkin had given him a ride to the strip area that morning.[3] Larkin, however, denied this in his testimony and also stated that Mello had called him twice that morning and had asked him to tell anyone who inquired that he had given Mello such a ride. Mello acknowledged calling Larkin but stated that he had just asked Larkin to tell the truth about the ride to the strip.

Mello's primary assertion on appeal is that the evidence is insufficient to support the jury's apparent conclusion that he had, at some time, either actual or constructive possession of the stolen television sets.[4] As he points out,

---

1. A commando is a small tractor used to move truck trailers around the freight yard.

2. Deroy and Arthur Kennedy, a Penn Central foreman, both testified that Mello had asked them if they had seen any mechanics on the morning in question.

3. Anthony Zaccino, another yard employee, testified that he saw Mello get into Larkin's pick-up truck shortly before 4:00 a. m. on April 9, 1971, but he was not able to identify the driver of the pick-up.

4. There are three requisite elements to the offense for which Mello was indicted:

there is no direct evidence in the record which places the stolen goods under his immediate dominion or control. He also argues that, since there is no evidence linking him with the truck in which the goods were found, a finding of constructive possession is unwarranted. These facts, however, would not preclude the jury from reasonably inferring, on the basis of all of the evidence, that Mello was either one of the two individuals Deroy originally observed unloading cartons from the open trailer or that he aided these two individuals in doing so. If these inferences are reasonable, a finding of possession would follow *a fortiori*.

The essence of the government's case against Mello consists of his apprehension at the scene of the crime, his "[g]ive me a break" plea to Deroy, and his contradicted testimony about the alleged ride from Larkin. Viewing this evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we find that it was within the province of the jury to infer that Mello either aided or was one of the two men originally observed by Deroy. Thus, we find the evidence sufficient to support the jury's verdict.

■ We also find that the trial court's denial of Mello's motion for new trial without a hearing was not an abuse of discretion. The alleged newly discovered evidence which supports this motion consists of the affidavits of two yard employees, William P. Hoyt and Bernard O'Loughlin, which contradict Larkin and corroborate Mello.[5] We find, however, no sufficient justification for the failure of Mello to produce these witnesses at trial. The record demon-

strates that the government informed defense counsel well in advance of trial that Larkin had testified before the grand jury in this matter. Since no showing was made that these impeaching witnesses were unavailable, we conclude that, with due diligence, this evidence could have been discovered before or during trial. Thus, this evidence was not sufficient, at the stage in this proceeding at which it was produced, to warrant ordering a new trial. *See, e. g.*, Reno v. United States, 340 F.2d 307, 308 (5th Cir.1965); Perez v. United States, 297 F.2d 648 (9th Cir. 1961); United States v. Costello, 255 F.2d 876, 879–881 (2d Cir.), cert. denied, 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958)

Affirmed.

---

v. Allegrucci, 299 F.2d 811, 812 (3d Cir. 1962), cert. denied, 372 U.S. 954, 83 S.Ct. 950, 9 L.Ed.2d 978 (1963).

5. Hoyt states in his affidavit that on April 9, 1971, Larkin told him that he had given Mello a ride up to the strip and on April 12, 1971, Larkin told Hoyt not to mention this fact if anyone inquired. O'Loughlin's sworn statement reenforces that of Hoyt.