**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1920

UNITED STATES OF AMERICA,

Appellee,

v.

JEFFREY PAUL BARNARD,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, U.S. District Judge]

Before

Selya, Circuit Judge,
Baldock,* Senior Circuit Judge,
and Howard, Circuit Judge.

Marvin H. Glazier for Appellant.

F. Mark Terison, Senior Litigation Counsel, with whom Paula D. Silsby, United States Attorney, was on the briefs, for Appellee.

June 14, 2005

---

* Of the Tenth Circuit Court of Appeals, sitting by designation.

**BALDOCK, <u>Senior Circuit Judge</u>**. A grand jury indicted Defendant Jeffrey Paul Barnard on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Defendant filed a motion to suppress statements allegedly obtained in violation of his <u>Miranda</u> rights prior to trial. The district court denied the motion. Defendant proceeded to trial and a jury convicted him. The district court denied Defendant's subsequent motion for a new trial, <u>see</u> Fed. R. Crim. P. 33, sentenced Defendant to 103 months' imprisonment, and entered final judgment. Defendant appeals, arguing: (1) insufficient evidence exists to support his conviction under 18 U.S.C. § 922(g); (2) the district court erred in denying his motion to suppress statements obtained in violation of his <u>Miranda</u> rights; and (3) the district court erred in denying his motion for a new trial on the basis of newly discovered evidence.[1] We have jurisdiction, 28 U.S.C. § 1291, and affirm.

I.

The evidence presented at trial was as follows: Defendant, a convicted felon, resided in Millinocket, Maine, with

---

[1] Defendant raises a fourth issue, which we summarily reject. Defendant argues the district court's jury instruction relating to "possession" under § 922(g) violated the Supreme Court's decision in <u>Blakely</u> v. <u>Washington</u>, 124 S.Ct. 2531 (2004) and other sentencing cases. Defendant's argument is misguided. <u>Blakely</u> and its progeny concern only the Sixth Amendment in the context of determinate sentencing schemes. Defendant, however, only appeals his underlying conviction. He does not appeal his sentence. Such cases, therefore, are wholly irrelevant.

his wife and stepson. Defendant's former friend, Walter Cote, testified that he first met Defendant in 1999. Cote was a frequent visitor to Defendant's home. There, Cote observed a .22 bolt action rifle and a SKS semi-automatic rifle on numerous occasions. Cote explained that the .22 rifle was "usually out in plain sight" and he had seen the SKS rifle in Defendant's bedroom. Cote also testified that in the summer of 2000, he sold Defendant a 12-gauge shotgun and a gun cabinet. After selling Defendant the cabinet, Cote visited Defendant's home and observed the cabinet in Defendant's bedroom. Defendant and Cote had a falling out in November 2000. Thereafter, Cote notified law enforcement of Defendant's gun possession.

Law enforcement officers checked Defendant's criminal record and confirmed his status as a convicted felon. Officers executed a search warrant at Defendant's residence on the morning of December 3, 2000. Officers found Defendant in his bedroom and placed him in custody. Officers found a loaded .22 rifle leaning against the wall next to Defendant's bed. Officers also seized a SKS rifle, shotgun, and ammunition from a gun cabinet in Defendant's bedroom.

Officers transported Defendant to the police station. There, Defendant complained of extreme back pain and numbness in his legs. Officers called an ambulance. While waiting for the ambulance, Officer Robert Johansen testified that Defendant asked

him "why we were doing this to him?" Defendant then stated the guns were only at his house to protect his family. Johansen testified that he never asked Defendant any questions, but told Defendant "now is not the time to discuss any matters with me." Nevertheless, once at the hospital, Defendant again told Johansen that he only had the guns to protect his family.

Defendant's stepson, Wayde Batchelder, testified in Defendant's defense and claimed that he, his brother Harold Edwards, and their friend, Jason Hartley, had placed the .22 rifle, SKS rifle, and shotgun in Defendant's home. The three witnesses claimed they owned the guns and placed them in Defendant's gun cabinet, with a lock, in late November 2000. Defendant also testified and denied (1) purchasing a shotgun from Cote, and (2) that Cote was a frequent visitor to his home. The jury convicted Defendant of being a felon in possession of a firearm.

II.

A.

Defendant first argues that insufficient evidence exists to support his felon-in-possession conviction under § 922(g). We review sufficiency of the evidence claims *de novo*, drawing all reasonable inferences in favor of the Government. United States v. Rivera-Ruiz, 244 F.3d 263, 266 (1st Cir. 2001). Under § 922(g), the Government must prove: (1) the defendant had a previous felony conviction; (2) the defendant knowingly possessed a firearm; and

-4-

(3) the firearm was in or affecting interstate commerce. <u>United States</u> v. <u>Wight</u>, 968 F.2d 1393, 1397 (1st Cir. 1992). Possession, under the second element, may be actual or constructive. <u>See</u> <u>id.</u> This circuit has consistently defined constructive possession as follows: "Constructive possession exists when a person knowingly has the power and intention at a given time to exercise dominion and control over an object either directly or through others." <u>United States</u> v. <u>Carlos Cruz</u>, 352 F.3d 499, 510 (1st Cir. 2003) (internal quotations omitted). "Constructive possession for § 922(g) purposes does not require ownership of the gun." <u>United States</u> v. <u>Liranzo</u>, 385 F.3d 66, 69 (1st Cir. 2004). When reviewing a sufficiency of the evidence challenge to a § 922(g) conviction, we must uphold any verdict the record supports. <u>Id.</u>

In this case, sufficient evidence exists to support Defendant's felon-in-possession conviction under § 922(g). Defendant stipulated at trial that he was a convicted felon and that the firearms affected interstate commerce. The sole issue, therefore, was whether Defendant "possessed the firearms." The evidence clearly supports the jury's verdict that Defendant possessed the firearms. Cote testified he observed a .22 rifle and a SKS rifle in Defendant's home on numerous occasions. Further, law enforcement officers testified they searched Defendant's house and found a loaded .22 rifle leaning against the wall in Defendant's bedroom where Defendant had been sleeping. A

-5-

reasonable jury, based upon this and other evidence, could conclude Defendant, at a minimum, had constructive possession of the .22 rifle because he exercised exclusive dominion and control over the bedroom in which the firearm was located. See Liranzo, 385 F.3d at 70. Defendant's arguments to the contrary focus mainly on testimony indicating he did not own the firearms. A conviction under § 922(g), however, does not require proof of ownership of the firearms in question. See id. at 69.

B.

Defendant next argues the district court erred in denying his motion to suppress statements obtained in violation of his Miranda rights. We review the district court's legal conclusions on a motion to suppress *de novo* and its factual findings for clear error. United States v. Meade, 110 F.3d 190, 193 (1st Cir. 1997). It is well established that "the prosecution may not use statements . . . stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Miranda v. Arizona, 384 U.S. 436, 444 (1966). In order for a defendant to make out a claim under Miranda, "his statements must have been the product of custodial interrogation." United States v. Lopez, 380 F.3d 538, 545 (1st Cir. 2004). The "custody" element is satisfied if the defendant is under arrest. United States v. Ventura, 85 F.3d 708, 710 (1st Cir. 1996). For Miranda purposes,

-6-

"interrogation is 'express questioning or its functional equivalent.'" <u>United States</u> v. <u>Genao</u>, 281 F.3d 305, 310 (1st Cir. 2002) (quoting <u>Rhode Island</u> v. <u>Innis</u>, 446 U.S. 291, 300-01 (1980)). Interrogation occurs only when police conduct is reasonably likely to elicit an incriminating response from the suspect. <u>See</u> <u>id.</u> A defendant's voluntary statements, even if incriminating, generally do not amount to a custodial interrogation. <u>Lopez</u>, 380 F.3d at 546.

The district court did not err in denying Defendant's motion to suppress the incriminating statements he made to Officer Johansen regarding possession of the firearms. Defendant was under arrest and therefore "in custody" when he made the challenged statements. Defendant, however, was never interrogated and <u>Miranda</u> warnings were not required. The district court found Officer Johansen's testimony at the suppression hearing credible. We are extremely deferential to the district court's credibility determinations. <u>United States</u> v. <u>Zapata</u>, 18 F.3d 971, 975 (1st Cir. 1994). Officer Johansen testified he never questioned Defendant regarding his possession of the firearms. Further, Officer Johansen testified that he informed Defendant *not* to make any statements to him when Defendant began voluntarily supplying information regarding his possession of the firearms. As a result, any statements Defendant made to Johansen, incriminating or otherwise, were not in response to direct questioning or the

functional equivalent of direct questioning.  See Genao, 281 F.3d at 310-11.  Therefore, Miranda warnings were not required.

C.

Finally, Defendant argues the district court erred in denying his motion for a new trial based upon newly discovered evidence.  We review the denial of a motion for a new trial for a "manifest abuse of discretion."  United States v. Colon-Munoz, 318 F.3d 348, 357 (1st Cir. 2003).  We hold, after reviewing the record, that the district court did not manifestly abuse its discretion in denying Defendant's motion for substantially the same reasons set forth in the district court's thorough order.  See United States v. Barnard, 304 F.Supp. 2d 96 (D. Maine 2004).

As the district court aptly noted, Defendant's "new evidence," which apparently consisted of evidence showing Cote may not have sold Defendant the shotgun introduced at trial, was known and available to Defendant at the time of trial.  Further, Defendant's failure to develop the evidence was due to a lack of diligence on his part.  See United States v. Mello, 469 F.2d 356, 358 (1st Cir. 1972); see also United States v. Vigneau, 337 F.3d 62, 69 (1st Cir. 2003).  At trial, defense counsel, without going into specifics, informed the district court he had discovered some evidence that he might have to bring to the attention of the court.  Defendant, however, later notified the court that he was not going to pursue the issue because it would only confuse matters.

Defendant's knowledge of the evidence at the time of trial and his failure to develop the evidence precludes his motion for a new trial.  See United States v. Falu-Gonzalez, 205 F.3d 436, 442 (1st Cir. 2000) (explaining that a motion for a new trial must be denied if the defendant fails to carry his burden as to any one of the applicable factors).

## III.

Based upon the foregoing, Defendant's conviction is AFFIRMED.