**UNITED STATES of America,**
**Appellee,**

v.

**Frederick Douglas WILLIAMS,**
**Appellant.**

**No. 13256.**

United States Court of Appeals
Fourth Circuit.

Aug. 28, 1969.

---

Stanley C. Sherwood, Newport News, Va., for appellant.

Roger T. Williams, Asst. U. S. Atty., for appellee.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

This case is before us on the Government's motion to dismiss the appeal as frivolous and utterly lacking in merit.

■ Frederick Douglas Williams was tried by the court without a jury on January 14, 1969, for the theft of United States Government property in violation of 18 U.S.C. § 641. He was found guilty and was thereupon sentenced to a term of imprisonment and to pay a fine; the judgment was docketed the same day. He gave no notice of appeal from the January 14, 1969, judgment of conviction and sentence although he was then advised by the court of his right of appeal and informed that if he desired an appeal he should file a written notice of intention to appeal with the clerk of the district court "within 10 days from this date." [1]

On February 6, 1969, Williams filed his motion for a new trial under Rule 33, Fed.R.Crim.P. based upon newly discovered evidence and for release on bail. In support of this motion, affidavits by two persons attacking the credibility of the testimony given by the Government's chief witness at the trial were filed. The motion came on for hearing on February 10, 1969, upon the affidavits and argument of counsel. In denying this motion for a new trial the district court cited, as authority, United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1945), which held that newly discovered evidence going only to the question of the credibility of a witness *is not sufficient to justify the granting of a new trial.*

■ Pitts v. United States, 263 F.2d 808 (2 Cir.), cert. denied 360 U.S. 919, 79 S.Ct. 1438, 3 L.Ed.2d 1535 (1959), reh. denied 361 U.S. 857, 80 S.Ct. 48, 4 L.Ed.2d 97 (1959), sets out the requirements of a motion for new trial based on the ground of newly discovered evidence: " * * * (1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i. e., discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would probably produce an acquittal." *Id.* 263 F.2d at page 810.

---

1. Williams did not file notice of appeal until February 12, 1969. From this notice it appears that he is attempting an appeal from both the judgment of January 14 and the denial on February 10, 1969, of his motion for a new trial based on newly discovered evidence. By virtue of Rule 4(b) of the Federal Rules of Appellate Procedure this court does not have jurisdiction to treat the issues sought to be raised on appeal from the January 14 judgment since notice of appeal was not given within ten days after entry of the judgment, the time was not otherwise extended by order of the district court, and the subsequent motion for a new trial based on newly discovered evidence was not made before or within ten days after entry of the judgment.

These requirements were not met in the present case.

The record discloses that the alleged "newly discovered" evidence was not newly discovered at all. It clearly appears that the facts disclosed in the supporting affidavits were within Williams' knowledge on and before the day of his trial.

As stated by the court in United States v. Johnson, 327 U.S. 106, 113, 66 S.Ct. 464, 467, "While a defendant should be afforded the full benefit of this type of rectifying motion [a motion for a new trial on the ground of newly discovered evidence], courts should be on the alert to see that the privilege of its use is not abused."

We find no error in the denial of the motion for a new trial. The Government's motion to dismiss the appeal is treated as a motion for summary affirmance. The appeal is frivolous and the judgment of conviction below will be affirmed.

Affirmed.