**UNITED STATES of America,
Appellee,**

v.

**Ralph D. ROCKS, Appellant.**

**No. 72–1862.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 4, 1972.

Decided June 14, 1973.

Arnold M. Weiner, Baltimore, Md. (A. Kenneth Pye, Durham, N. C., on brief), for appellant.

Russell T. Baker, Jr., Asst. U. S. Atty. (George Beall, U. S. Atty., and Barnet D. Skolnik, Atty., Dept. of Justice, on brief), for appellee.

Before HAYNSWORTH, Chief Judge and RUSSELL and WIDENER, Circuit Judges.

### PER CURIAM.

The defendant, Rocks, and Jesse S. Baggett were jointly charged with a violation of the Travel Act.[1] Specifically, they were charged with causing the interstate movement of a $3500 check drawn by Rocks in the District of Columbia which Baggett used in Maryland to purchase a tractor for use on his farm. Baggett, first tried after a severance, was convicted. Because Baggett's conviction occasioned extensive publicity in Baltimore and Washington, the trial of Rocks was transferred to Norfolk in the Eastern District of Virginia. A jury found him guilty.

From 1954 until he resigned in 1970, Baggett was a member of the Board of County Commissioners of Prince George's County, Maryland. From December 1964 until his resignation, he was the Chairman of that Board. The Board had final authority over all zoning matters and proceedings.

Rocks was a prosperous builder and developer, based in the District of Columbia. Between 1962–1968, he was a frequent applicant for variances and zoning changes in Prince George's County, Maryland. Typically, he sought increased population density rulings and other changes which would enhance the value of lands he had acquired for development and their development potential. His applications usually received favorable action by the Board of County Commissioners until Baggett learned of the governmental investigation of his receipt of the check mentioned above and his use of it for the purchase of the tractor.

Many questions are raised. The most serious ones arise out of the court's handling of a report that some of the jurors, during their deliberations, read or learned of a newspaper article in which the conviction of Baggett was reported, a fact which had not been disclosed to the Virginia jury.

The trial judge conducted an extensive examination of all of the jurors. He permitted counsel to suggest questions to be asked, but he screened them and placed all allowed questions himself. Afterwards, he found that none of the jurors had read the article or had been told of its report of Baggett's conviction until after their verdict.

■■ The several questions arising out of that proceeding were fully discussed in an opinion. United States v. Rocks, E.D.Va., 339 F.Supp. 249. For the reasons there stated, we approve the procedures adopted by the trial judge and accept his findings.

The conviction is affirmed.

Affirmed.

---

1. 18 U.S.C. § 1952 and 18 U.S.C. § 2.