**UNITED STATES of America**

v.

**Ralph D. ROCKS.**

**Crim. No. 28958–H.**

United States District Court,
D. Maryland.

Jan. 25, 1974.

Barnet D. Skolnik and Russell T. Baker, Jr., Asst. U. S. Attys., Baltimore, Md., for the United States.

Arnold M. Weiner and M. Albert Figinski, Baltimore, Md., for defendant.

MEMORANDUM OPINION

ALEXANDER HARVEY, II, District Judge:

The defendant, Ralph Rocks, was tried and convicted in a lengthy jury trial in Norfolk, Virginia in January of 1972. Extensive pre-trial and post-trial motions have been heard, including an evidentiary hearing which the Court conducted in Norfolk after the trial was concluded.

See United States v. Rocks, 339 F.Supp. 249 (E.D.Va.1972). The Fourth Circuit affirmed the conviction in a *per curiam* opinion, United States v. Rocks, 481 F.2d 112 (4th Cir. 1973). The Supreme Court has now denied certiorari. Rocks v. United States, 414 U.S. 1044, 94 S.Ct. 550, 38 L.Ed.2d 336 (1973), rehearing denied, 414 U.S. 1148, 94 S.Ct. 550, 38 L.Ed.2d 336 (1974). A co-defendant, Jesse Baggett, had been separately tried and convicted, and his conviction was likewise affirmed on appeal. United States v. Baggett, 481 F.2d 114 (4th Cir. 1973), cert. den. 414 U.S. 1116, 94 S.Ct. 850, 38 L.Ed.2d 744 (1973).

Defendant has now filed a motion for a new trial on the basis of newly discovered evidence, pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The claim presented by this motion relates solely to the witness William J. Stevens and is based, in the main, on a discussion held between the prosecutor, Mr. Skolnik, and Mr. Stevens on the night of January 5, 1972, and on alleged agreements reached between Stevens and the government on that occasion which were not revealed to the defense. This material apparently came to light as a result of the recent perjury trial of William Kahler in this court. United States v. Kahler, aff'd 502 F.2d 1163 (4th Cir. 1974). Defendant claims that Stevens, as a result of the conference occurring on the evening of January 5, 1972, became an informer for the government, that government counsel misrepresented his true status to the Court, and that this was not known to the defendant when Stevens testified on January 6 and January 7, 1972, at the trial.

In United States v. Williams, 415 F.2d 232 (4th Cir. 1969), the Fourth Circuit quoted from United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946), as follows, at page 234:

"While a defendant should be afforded the full benefit of this type of rectifying motion [a motion for a new trial on the ground of newly discovered evidence], courts should be on the alert to see that the privilege of its use is not abused."

The Fourth Circuit has recognized that to succeed in a motion of this sort under Rule 33, a defendant has the burden of meeting the following requirements:

"(1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i. e., discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would probably produce an acquittal."

See United States v. Williams, *supra,* at 233.

See also Mills v. United States, 281 F.2d 736 (4th Cir. 1960) and Wright & Miller, Federal Practice & Procedure, § 557.

The first question before the Court is whether an evidentiary hearing should be held on the pending motion. Defense counsel wishes to examine under oath Messrs. Skolnik and Baker, the prosecutors, and also Special Agent Harrison of the Internal Revenue Service, all of whom were present on the evening of January 5, 1972. This request will be denied. For the purposes of a decision on this motion, sufficient details concerning the January 5th meeting and its import are set forth in the exhibits which have been filed.

▪ After hearing argument and studying the papers that are before the Court, I have concluded that the pending motion should be denied. I find that the evidence relied upon here would be merely cumulative and impeaching and, further, that the evidence is not of such a nature that, on a new trial, the newly

discovered evidence would probably produce an acquittal.

In United States v. McCoy, 478 F.2d 846, 847 (4th Cir. 1973), the Fourth Circuit said this (and I think this is the most recent statement on the point before the Court with reference to the question of the nature of evidence under Rule 33 as being merely impeaching):

> "Generally, evidence which is only impeaching, though newly discovered, does not suffice to obtain a new trial. Newly discovered evidence, however, may go so directly to the interest of the prosecution witness that, if his testimony was essential to the prosecution, a new trial should be awarded in which the interest of the witness may be shown. This was the situation in Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104." (Footnote omitted)

The defendant here relies heavily on the *Giglio* decision, but the facts of this case are markedly different. The witness in *Giglio*, one Taliento, was the only witness linking the defendant with the crime, and the government's case depended almost entirely on Taliento's testimony. Here there is substantial other evidence showing that defendant was guilty of the crime charged. Witness after witness linked the defendant to the crime. The trial lasted for more than three weeks and there was overwhelming evidence, not including the testimony of Stevens, which established the defendant's guilt. For a summary of that evidence, I would refer to the government's brief on appeal, which was filed as an exhibit to the motion here.

Similarly, it is clear that, even if disclosure had been made to defense counsel of matters discussed at the conference with Mr. Skolnik on January 5th, and even if Stevens' testimony were thereafter impeached, it cannot be said that such evidence would probably produce an acquittal. As the defendant admits, the Stevens testimony was favorable to the government in part and favorable to the defendant in part. Were he impeached by defense counsel because of what is now known, that would of course likewise affect any weight accorded by the jury to the portion of the testimony favorable to the defendant. If at the same time, impeachment were to eliminate whatever weight the jury gave to the portion of the testimony favorable to the prosecution, as previously stated there was overwhelming other evidence to support the conviction. Thus, the reliability of the witness Stevens was not determinative of guilt or innocence in this case. See Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). As the Court indicated in United States v. Sposato, 446 F.2d 779, 781 (2d Cir. 1971), the discovery of new evidence which merely discredits a government witness and does not directly contradict the government's case and which would probably not produce an acquittal does not justify grant of a new trial.

But not only is the legal basis for this motion lacking, the factual predicate for defendant's argument here is likewise insufficient. When Stevens talked to Skolnik on January 5, 1972, he was agreeing to cooperate in the future with reference to the case that was being prepared against Kahler. The documents make this clear. There was no agreement to extend any cooperation in the Rocks trial or to testify any differently than Stevens had at the earlier Baggett trial. The transcript of Stevens' testimony at the Baggett trial was in the hands of counsel for both sides. The "deal" which defendant claims was made occurred after the Baggett trial. Yet testimony at the Rocks trial was substantially the same as the witness' earlier testimony. It is therefore difficult to see how, under such circumstances, any "deal" that was made could have affected Stevens' testimony at the Rocks trial in any way. Had there been any change in what Stevens said at the Rocks trial (any change favorable to the government), defense

counsel would have pounced on it immediately, armed as they were with the Baggett transcript.

On the basis of the transcripts in both *Baggett* and *Rocks*, I find that Stevens was not a government informer against Rocks but that he was in fact an adverse witness as previously ruled. Stevens remained loyal to Rocks throughout, as his testimony discloses, even though on January 5 he did agree to cooperate with the government in the future insofar as Kahler was concerned.

■ Furthermore, the matters which the prosecutor agreed not to go into with Stevens the next day on the stand would have been inculpatory, not exculpatory as far as Rocks was concerned. Skolnik had told Stevens on that night that the *Rocks* case was strong enough so that it would be won with or without his going into these other matters. Thus, he agreed not to ask questions which would be inculpatory as to Rocks if Stevens answered them truthfully but which might involve Stevens in perjury if he did not. This was not prosecutorial misconduct.

For these reasons, I find that there were no misrepresentations to the Court made by the prosecutors in this case nor any other sort of prosecutorial misconduct which would require a new trial. The comment in the letter of March 10, 1972, inadvertently made by Mr. Baker two months after the trial and at a time when Mr. Stevens was cooperating with the government in connection with the *Kahler* case, does not change what the facts were as shown by the memorandum of January 15, 1972 and by the letter of Mr. Stevens' counsel of the same date and more importantly by what Stevens' testimony at two different trials disclosed, namely that Mr. Stevens was loyal to Mr. Rocks and was not disposed to volunteer information which would be adverse to the defense.

So, for all these reasons, I will deny the motion.