848 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph William MARQUARDT, Defendant-Appellant.
 No. 87-5176.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 5, 1988.
Decided: May 23, 1988.
 
 Larry A. Nathans, Assistant Federal Public Defender, Maureen Glancy, Law Clerk (Fred Warren Bennett, Federal Public Defender, on brief), for appellant.
 Lisa M. Bell, Assistant U.S. Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, having been convicted of voluntary manslaughter in 1982, was indicted and convicted of receiving a firearm which had traveled in interstate commerce in violation of 18 U.S.C. Sec. 922(h). This receipt was alleged to have occurred on or about August 1, 1986. In the same trial he was also indicted and convicted of possessing the same .44 caliber revolver on or about September 6, 1986 in violation of 18 U.S.C.App. II, 1202(a)(1). His appeal claims error by the trial judge in not granting his motion for a new trial upon the grounds of newly discovered evidence, and his claim of prosecutorial misconduct, because of a statement made by an assistant United States Attorney in closing argument that was a comment on the appellant's failure to testify. We find no merit as to either exception, and we affirm.
 
 
 2
 We set forth the requirements for a new trial based on the ground of newly discovered evidence in United States v. Williams, 415 F.2d 232 (4th Cir.1969) as follows:
 
 
 3
 (1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i.e., discovered after the trial;
 
 
 4
 (2) The motion must allege facts from which the court may infer diligence on the part of the movant;
 
 
 5
 (3) The evidence relied on must not be merely cumulative or impeaching;
 
 
 6
 (4) Must be material to the issues involved; and
 
 
 7
 (5) Must be such as, on a new trial, would probably produce an acquittal.
 
 
 8
 Id. at page 233.
 
 
 9
 These requirements were not met in the present case. The alleged "newly discovered evidence" is a claim that because of telephone logs covering a government witness's resident, such witness could not have been in Maryland on August 1, 1986 and delivered the revolver to the appellant. This new evidence would merely tend to impeach the government witness. The indictment alleges that the appellant received the weapon "on or about August 1, 1986" and the "new evidence" would only raise a question about the date of receipt and not the receipt itself.
 
 
 10
 The trial judge, who heard and observed all the witnesses, found that there was no possibility that this evidence of telephone records would have resulted in an acquittal. We agree with this conclusion.
 
 
 11
 The comment of the Assistant United States Attorney in closing argument, when read in context with her entire argument, clearly shows that it is not a comment on the appellant's failure to take the witness stand and testify. The statement was an effort by the government to bolster the credibility of one of its witnesses, and it was simply an explanation that the prosecution must take its witnesses where it finds them and it may not always prove its case by presenting the most reputable and respected citizens.
 
 
 12
 AFFIRMED.