## UNITED STATES *v.* JOHNSON.

NO. 115.

Argued January 2, 1946.—Decided February 4, 1946.

*Arnold Raum* argued the cause for the United States. With him on the brief were *Solicitor General McGrath, Assistant Attorney General Samuel O. Clark, Jr., Joseph S. Platt* and *Melva M. Graney.*

*Homer Cummings* argued the cause for respondents. With him on the brief were *William J. Dempsey* and *Harold R. Schradzke.*

Mʀ. Jᴜꜱᴛɪᴄᴇ Bʟᴀᴄᴋ delivered the opinion of the Court.

On October 12, 1940, after a federal district court trial lasting more than six weeks, a jury found respondent Johnson guilty of wilfully attempting to defeat and evade a large part of his income taxes for the calendar years 1936–1939 and of conspiring to do so; the other respondents were convicted and sentenced for conspiring with and aiding and abetting him.[1] From the time of these convictions until now, enforcement of the sentences was delayed by persistent efforts to obtain a new trial. Though there has been no second trial the case is here for the third time.

September 21, 1941, was the date when the circuit court of appeals first reversed the conviction, one judge dissenting. 123 F. 2d 111. June 7, 1943, we reversed and remanded the case to the circuit court of appeals, 319 U. S. 503. Respondents then asked that court to remand the case to the trial court to permit a motion for a new trial on the ground of newly discovered evidence.[2] The circuit court acting pursuant to Rule II (3) of the Criminal Appeals Rules [3] remanded the case and on Oc-

---

[1] The respondent Brown was found guilty only on the conspiracy count and counts 3 and 4, the substantive counts for 1938–1939.

[2] Previously respondents had applied to Mr. Justice Frankfurter for a stay of mandate pending petition for rehearing. Mr. Justice Frankfurter's denial of the motion specifically stated that it was to be "without prejudice, however, to the consideration and disposition by the United States Circuit Court of Appeals for the Seventh Circuit of any motion filed under Rule 2 (3) of the Criminal Appeals Rules . . ."

[3] "II. *Motions.*

.         .          . .            .          .    .

"(3) Except in capital cases a motion for a new trial solely upon the ground of newly-discovered evidence may be made within sixty (60) days after final judgment, without regard to the expiration of the term at which judgment was rendered, unless an appeal has been taken and in that event the trial court may entertain the motion only on remand of the case by the appellate court for that purpose, and such remand may be made at any time before final judgment. . . ."

tober 29, 1943, respondents, with leave of the trial court, filed a motion for a new trial. The respondents alleged that the newly discovered evidence proved that Goldstein, a government witness at the trial, was unworthy of belief and had committed perjury in testifying that certain properties were purchased by him on behalf of Johnson and with money supplied by Johnson. To support their charges against Goldstein respondents offered numerous affidavits. The Government filed an answer to the motion and a number of counter-affidavits. And among the papers before the court were affidavits by Goldstein reaffirming his testimony at the trial. The trial judge, in a carefully prepared opinion covering fifty-six pages of the record, gave thoughtful consideration to each affidavit, reached the conclusion that none of them showed that Goldstein had perjured himself, and found both from the new affidavits and his own knowledge of the original six-weeks trial, that Goldstein's testimony was true. The motion for a new trial was consequently denied.

The circuit court of appeals affirmed. 142 F. 2d 588. It unanimously held that it could not substitute its judgment on the facts for that of the trial judge; that it did not have power to try these facts de novo; that it could review the record for errors of law, to determine, among other things, whether the trial judge had abused his discretion; that a review of the new evidence in the record did not inevitably lead to the conclusion that Goldstein had testified falsely; that the trial judge had not reached his conclusion "arbitrarily, capriciously, or in the misapplication of any rule of law" and hence had not abused his discretion. The respondents thereupon filed a second petition for certiorari in this Court. While this petition was pending, respondents presented papers informing us that they had discovered still more new evidence tending to discredit Goldstein's original testimony. We deferred consideration of their case, which we later dismissed, 323 U. S.

806, and they, after obtaining a second remand from the circuit court of appeals, filed an amended motion for new trial in the district court. The trial court again wrote an opinion analyzing each new affidavit in detail. These additional affidavits contained statements which, had they been offered as testimony at the original trial, would have been admissible and relevant to discredit Goldstein's and buttress Johnson's testimony. At least some of the facts set out in the affidavits had not been discovered until shortly before the amended motion was made. But the trial court concluded that the new affidavits failed to prove that Goldstein had committed perjury, and that consequently the basic ground for the motion—that there was new evidence showing that Goldstein had perjured himself—was without foundation.[4] That court found again that the new and old evidence taken together affirmatively showed that Goldstein had been a truthful witness. This time, however, the circuit court of appeals reversed with one judge dissenting. 149 F. 2d 31. The reversal rested basically on the court's belief that the trial judge had erroneously found that Goldstein did not commit perjury. The majority of the court reviewed parts of the affidavits and concluded from them that the trial judge's finding that Goldstein did not commit perjury was illogical and unreasonable. The majority substituted its own finding that Goldstein's original testimony was "unerringly false" and held that the trial judge's contrary

---

[4] An alternative ground for the court's denial of the motion need not be considered here. For as will be seen we think that the trial court's findings that the so-called new evidence failed to show Goldstein's perjury should not have been upset. The alternative ground was that all the so-called newly discovered evidence was either not newly discovered, or merely cumulative or impeaching, and in any event would probably not produce a different result. In this aspect of the case, the trial court, as did the circuit court of appeals in its first opinion, relied on the frequently quoted and followed rule announced in *Berry* v. *Georgia,* 10 Ga. 511.

conclusion amounted to an abuse of discretion. Since we think it important for the orderly administration of criminal justice that findings on conflicting evidence by trial courts on motions for new trial based on newly discovered evidence remain undisturbed except for most extraordinary circumstances, we granted certiorari.

In our opinion the circuit court of appeals erred. The appeal to that court was so devoid of merit that it should have been dismissed. The crucial question before the trial court was one of fact: Did the new evidence show that Goldstein's original testimony was false? [5] The trial judge, after carefully studying all the evidence, found that there was nothing to show perjury on the part of Goldstein, that Goldstein had in fact told the truth, and concluded that a new trial was not warranted. The trial court thus answered the above question in the negative. Two judges of the circuit court of appeals thought that the evidence compelled an affirmative answer. But it is not the province of this Court or the circuit court of appeals to review orders granting or denying motions for a new trial when such review is sought on the alleged ground that the trial court made erroneous findings of fact. *Holmgren* v. *United States*, 217 U. S. 509; *Holt* v. *United States*, 218 U. S. 245; *Fairmount Glass Works* v. *Cub Fork Coal Co.*, 287 U. S. 474, 481. While the appellate court might intervene when the findings of fact are wholly unsupported by evidence, cf. *United States* v. *Socony-Vacuum Oil Co.*,

---

[5] In addition to questions involving the merely impeaching or cumulative effect of the evidence, which we have already indicated need not be considered here, see note 2, *supra*, we also need not consider what criteria should have guided the court in passing on the motion, had respondents actually shown that Goldstein recanted his testimony or that he committed perjury. Compare *Larrison* v. *United States*, 24 F. 2d 82, with *Berry* v. *Georgia*, *supra*, note 2. For as later appears we consider the district court's finding, that Goldstein's testimony was not shown to have been false, not reviewable. That was sufficient to warrant a denial of the motion.

310 U. S. 150, 247; *Glasser* v. *United States*, 315 U. S. 60, 87, it should never do so where it does not clearly appear that the findings are not supported by any evidence.

The trial judge's findings were supported by evidence. He had conducted the original trial and had watched the case against Johnson and the other respondents unfold from day to day. Consequently the trial judge was exceptionally qualified to pass on the affidavits. The record of both the original trial and the proceedings on the motions for a new trial shows clearly that the trial judge gave the numerous elements of the controversy careful and honest consideration. We think that even a casual perusal of this record should have revealed to the circuit court of appeals that here nothing more was involved than an effort to upset a trial court's findings of fact.

Determination of guilt or innocence as a result of a fair trial, and prompt enforcement of sentences in the event of conviction, are objectives of criminal law. In the interest of promptness, Rule II (2) of the Criminal Appeals Rules, requires that motions for new trial generally must be made within three days after verdict or finding of guilt, and Rule III requires appeals to be taken within five days. But motions for new trial on the ground of newly discovered evidence have been more liberally treated. They can, under Rule II (3), be made at any time within sixty days after judgment, and in the event of an appeal, at any time before final disposition by the appellate court. This extraordinary length of time within which this type of motion can be made is designed to afford relief where, despite the fair conduct of the trial, it later clearly appears to the trial judge that, because of facts unknown at the time of trial, substantial justice was not done. It is obvious, however, that this privilege might lend itself for use as a method of delaying enforcement of just sentences. Especially is this true where delay is extended by appeals lacking in merit. This case well illustrates this possibil-

ity. While a defendant should be afforded the full benefit of this type of rectifying motion, courts should be on the alert to see that the privilege of its use is not abused. One of the most effective methods of preventing this abuse is for appellate courts to refrain from reviewing findings of fact which have evidence to support them. The circuit court of appeals was right in the first instance, when it declared that it did not sit to try de novo motions for a new trial. It was wrong in the second instance when it did review the facts de novo and order the judgment set aside.

The appeal to the circuit court of appeals was instituted by notice of appeal under Rule III of the Criminal Appeals Rules. Rule IV gives the circuit court of appeals power to supervise and control all proceedings on the appeal and to expedite such proceedings by, among other things, entertaining motions to dismiss. *Ray* v. *United States*, 301 U. S. 158, 164; *Mortensen* v. *United States*, 322 U. S. 369. Under that rule the circuit court of appeals here, after studying the issues raised, and upon determining that the only objection was to the trial court's findings on conflicting evidence, should have decided that this does not present a reviewable issue of law and on its own motion have dismissed the appeal as frivolous.[6]

The judgment of the circuit court of appeals is reversed, and the cause is remanded to the district court to enforce the judgments against the petitioners.

*It is so ordered.*

Mr. Justice Jackson and Mr. Justice Murphy took no part in the consideration or decision of this case.

[6] *Alberts* v. *United States*, 21 F. 2d 968; *Corrigan* v. *Buckley*, 271 U. S. 323, 329; *Avent* v. *United States*, 266 U. S. 127, 131; *Sugarman* v. *United States*, 249 U. S. 182, 184; *Zucht* v. *King*, 260 U. S. 174, 176; *Campbell* v. *Olney*, 262 U. S. 352; *Seaboard Air Line R. Co.* v. *Watson*, 287 U. S. 86, 90, 92; *Salinger* v. *United States*, 272 U. S. 542, 544; *Kryder* v. *Indiana*, 305 U. S. 570; *Cady* v. *Georgia*, 323 U. S. 676.