Roland W. BROWN, Appellant

v.

UNITED STATES of America, Appellee.

No. 16145.

United States Court of Appeals District of Columbia Circuit.

Argued April 19, 1961.

Decided May 25, 1961.

7. 109 U.S.App.D.C. at page 254, 286 F. 2d at page 538.

**150**

———◆———

Mr. DeLong Harris, Washington, D. C., for appellant.

Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., at the time of argument, and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Miss Doris H. Spangenburg and Mr. Donald S. Smith, Asst. U. S. Attys., also entered appearances for appellee.

Before WILBUR K. MILLER, Chief Judge, and FAHY and BURGER, Circuit Judges.

PER CURIAM.

Appellant was convicted for narcotics violations, 21 U.S.C. § 174 (1958), 26 U.S.C. §§ 4704(a), 4705(a) (1958). This case comes to us on a paid appeal in due course with appellant represented by private counsel of his own choice.

The sole defense was an alibi that appellant on the stated occasions was working some distance removed from the points of the sales charged. In rebuttal the government called the former employer of appellant, whose testimony and records showed that appellant had not been working for him at the critical times of the alibi.

Appellant sought to impeach the witness with prior inconsistent statements all of which were submitted to the jury under appropriate instructions. The record considered as a whole shows a simple and direct conflict between the evidence of the prosecution and that of the defense on the critical alibi issue. The appellee asks that the judgment be affirmed or, in the alternative, that the appeal be dismissed as frivolous.

Considered as a whole, the record presents no nonfrivolous question for appellate review and the appeal will therefore be dismissed as legally frivolous.[1] See United States v. Johnson, 1946, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562.

Appeal dismissed.

FAHY, Circuit Judge.

I would affirm the judgment of the District Court but would not dismiss the appeal as frivolous.

---

1. Rule 39(a), Fed.R.Crim.P., 18 U.S.C.A.: "The supervision and control of the proceedings on appeal shall be in the appellate court from the time the notice of appeal is filed with its clerk, except as otherwise provided in these rules. The appellate court may at any time entertain a motion to dismiss the appeal * * *."