David W. WION, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7824.

United States Court of Appeals
Tenth Circuit.

Oct. 16, 1964.

Arthur B. Odden, Denver, Colo., for appellant.

Lawrence M. Henry, U. S. Atty., Denver, Colo., for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The appellant, David W. Wion, was convicted and sentenced on an indictment charging him with causing a non-mailable explosive to be delivered by mail with intent to kill or injure Mildred Tandy, in violation of 18 U.S.C. § 1716. The judgment and sentence was affirmed. Wion v. United States, 10 Cir., 325 F.2d 420. This is an appeal from an order denying a motion for a new trial on the grounds of newly discovered evidence. Rule 33, F.R.Crim.P.

In substance, the allegations with reference to the newly discovered evidence are: (1) that the witness Roger S. Greene, a criminologist employed by the California State Bureau of Identification and Investigation, gave false, erroneous and misleading testimony regarding tests he made which establish that certain metal wires had been cut by pliers belonging to Wion; (2) that a dynamite bomb of the same type that exploded in the mailed package was found in Mildred Tandy's automobile approximately 38 days after appellant was convicted; and

(3) that Wion's sister-in-law would testify that Wion's son George, who was a witness at the trial, had thereafter made statements from which it could be inferred that a map which led officers to a dynamite cache was made by George, and not Wion.

■ The defendant in a criminal case is not entitled to a new trial on the ground of newly discovered evidence unless that evidence was discovered after the trial and the defendant exercised diligence prior to trial; that the evidence is material to the issues involved and not merely cumulative or impeaching; and that on a new trial the newly discovered evidence would probably produce an acquittal. Ferina v. United States, 8 Cir., 302 F.2d 95, cert. denied Cardarella v. United States, 371 U.S. 819, 83 S.Ct. 35, 9 L.Ed.2d 59; Connelly v. United States, 8 Cir., 271 F.2d 333, cert. denied Caudle v. United States, 362 U.S. 936, 80 S.Ct. 755, 4 L.Ed.2d 750; Long v. United States, 10 Cir., 139 F.2d 652; Johnson v. United States, 8 Cir., 32 F.2d 127.

The allegations made do not meet the necessary standards of newly discovered evidence warranting a new trial. The allegation with regard to the witness Greene is solely Wion's own unsupported statement. The fact that a similar type bomb was later found in the victim's car, or that Wion did not make the map in question, would not tend to disprove appellant's guilt of the offense charged. If Wion did not make the map, it would only be evidence tending to impeach George's testimony as to its origin.

■■ The law is well settled that motions for new trial on the ground of newly discovered evidence are not looked upon with favor, and the granting of such motions rests in the sound discretion of the trial court. Orders denying such motions will not be disturbed upon appeal in the absence of plain abuse of discretion. Baca v. United States, 10 Cir., 312 F.2d 510, cert. denied 373 U.S. 952, 83 S.Ct. 1682, 10 L.Ed.2d 706; Connelly v. United States, supra.

■ We have examined the record of the original trial in this case which dis-

closes that the trial judge conducted the four-day trial with utmost care, and after having observed all the evidence, was particularly well qualified to pass upon the allegations in the motion for a new trial to determine if substantial justice had been done. See United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562, rehearing denied 327 U.S. 817, 66 S.Ct. 699, 90 L.Ed. 1040. Considering the allegations in the motion and the statements attached thereto in the light most favorable to Wion, we cannot say that the court abused its discretion in denying the motion.

Affirmed.