**UNITED STATES of America,**
**Appellee,**

v.

**Harry GARD and Peter Kanuka,**
**Defendants-Appellants.**

**No. 400, Docket 29205.**

United States Court of Appeals
Second Circuit.

Argued March 30, 1965.

Decided April 14, 1965.

Harold Baer, Jr., Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, and Robert J. McGuire, and John S. Martin, Jr., Asst. U. S. Attys., New York City, on the brief), for appellee.

Monroe J. Winsten, New York City, for Harry Gard, defendant-appellant.

Peter L. F. Sabbatino, New York City (Sabbatino & Todarelli, New York City, on the brief), for Peter Kanuka, defendant-appellant.

Before LUMBARD, Chief Judge, and SWAN and KAUFMAN, Circuit Judges.

SWAN, Circuit Judge.

Appellants Gard and Kanuka appeal from judgments of conviction after trial before Judge Tyler sitting without a jury on a three-count indictment. Count (1) charged Leo Stern with violating 29 U.S.C.A. § 186(a). He pleaded guilty and testified against his co-defendants. Count (2) charged Gard with violating § 186(b), and count (3) charged Kanuka with violating § 186(b) and also 18 U.S.C.A. § 2 (aiding and abetting Gard). Specifically, Gard and Kanuka, who were agents and representatives of Local 810, Steel, Metals, Alloys & Hardware Fabricators and Warehousemen, International Brotherhood of Teamsters, were convicted for demanding and agreeing to receive $1500 from Stern, as president of Art Metalcrafts, Inc., the employer of workers represented by Local 810. The appellants were sentenced to six months imprisonment but execution of the sentence was suspended and each appellant was placed on probation for three years. Each was also fined $1500.

Both appellants argue that there is no substantial evidence to sup-

port the judgments. Stern's testimony, at trial and before the grand jury, is full of contradictory statements, but what part of the testimony of a witness is to be believed, is for the trier of the facts to determine and his determination will not be upset on appeal except under extraordinary circumstances. United States v. Johnson, 327 U.S. 106, 111–112, 66 S.Ct. 464, 90 L.Ed. 562; United States v. Stromberg, 2 Cir., 268 F.2d 256, 266–267, cert. den. Lessa v. United States, 361 U.S. 863, 80 S.Ct. 119, 4 L.Ed.2d 102. No extraordinary circumstances appear in the case at bar. Indeed there is evidence which corroborates Stern's testimony, particularly the testimony of his secretary, Miss Stafford, and of Harold Piesman, Metalcrafts' vice-president.

The indictment charged in count (1) that on or about April 5, 1961 Stern, an employer, unlawfully paid and agreed to pay $1500 to Gard and Kanuka, business agents of Local 810. Counts (2) and (3) charged the union representatives respectively with agreeing to accept and accepting the $1500. The evidence proved that the money was not paid them until several months after the agreement was made late in March 1961.

Judge Tyler made findings of fact and conclusions of law in a memorandum opinion not yet published. He found that the union representatives and Stern made an unlawful agreement to obtain a favorable collective bargaining contract for Metalcrafts on or about April 5, 1961, but held that the dates of the various payments "are so far removed from the indictment pleaded date as to work an impermissible variance respecting the charges of 'receiving' and 'accepting' by the two defendants in question." However, proof of such payments or receipt and acceptance of the cash was permitted by the court "to throw light upon the relevant and permissible charges of 'requests,' 'demands' and 'agreements to receive and accept' by Gard and Kanuka."

■ The appellants contend that the admission of such proof requires re-

versal of the judgments of conviction. We disagree. In United States v. Agueci, 2 Cir., 310 F.2d 817, cert. den. Guippone v. United States, 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11, we held that "The material inquiry is not the existence but the prejudicial effect of the variance." The evidence of the actual receipt of money was admitted solely to prove the existence of the agreement made on or about April 5, 1961. For that purpose the evidence was relevant. See United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; United States v. Annunziato, 2 Cir., 293 F.2d 373, 379, cert. den. 368 U.S. 919, 82 S.Ct. 240, 7 L.Ed.2d 134. Nor can there be any claim of prejudicial surprise by the proof of post-April 5 events; the appellants were granted a continuance but thereafter introduced no evidence to rebut the government's proof that the payments were made pursuant to the agreement.

■ Similarly, we reject the contention that the trial judge committed reversible error in admitting certain post-agreement statements made by Stern when Gard and Kanuka were not present. These statements to Piesman and Miss Stafford were clearly admissible because so closely tied to furtherance of the unlawful agreement. See United States v. Annunziato, supra; cf. United States v. Marchisio, 344 F.2d 653 (2 Cir. April 9, 1965). Thus, Piesman's approval was required as a fellow officer and it was necessary to inform Miss Stafford not only to eliminate suspicions but because she was charged with handling many of the details.

■ Appellants urge as another ground for reversal admission of testimony of Miss Stafford as to telephone conversations she overheard between Stern and appellant Gard. There was testimony that Stern gave his consent to her listening. Hence 47 U.S.C. § 605 has no application.

With respect to other contentions of appellants it will suffice to say that we think them so lacking in merit as to deserve no discussion.