**Norton Edward RICHARDSON,
Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 24038.**

United States Court of Appeals
Fifth Circuit.

May 5, 1967.

Barry Hess, Mobile, Ala., for appellant.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for appellee.

Before JONES, GEWIN and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Southern District of Alabama denying the motion of the appellant for a new trial based on allegations of newly discovered evidence and claimed misconduct on the part of a government witness in talking to a member of the jury during the course of the trial. The district court conducted a full hearing on the motion pursuant to the mandate of this Court following our decision in Richardson v. United States (5 Cir.1966) 360 F.2d 366, 369. During the course of the hearing on the motion, defendant and his counsel were present. The district court found as a fact that the alleged conversation between the government witness and the juror did not actually take place and further concluded that even if it did, the evidence failed to show that the conversation related in any manner to the trial of the case.

In his sworn motion for a new trial the appellant named the key prosecution witness who appeared against him as the officer who engaged in the alleged conversation with the juror. At the trial the testimony related to an entirely different federal officer. Both officers were employed by the Alcohol and Tobacco Tax Division. The court treated the motion as amended in order to substitute one officer for the other and proceeded with the hearing. The officer involved has been a federal officer over ten years and has been stationed in Mobile, Alabama, since 1957. The appellant relies upon the testimony of Everett Evander Salisbury, his co-defendant who testified in behalf of Richardson during the course of the trial in which appellant was convicted.

We have carefully examined all of the testimony and are firmly convinced that the evidence clearly supports the findings of fact and conclusions of law made and entered by the trial court. See United States v. Johnson, 327 U.S. 106, 112, 66 S.Ct. 464, 90 L.Ed. 562, 566 (1946); Casias v. United States (10 Cir.1965) 350 F.2d 317; Ryan v. United States (1957) 89 U.S.App.D.C. 328, 191 F.2d 779; Isgate v. United States (5 Cir. 1949) 174 F.2d 437, 438; Weiss v. United States (5 Cir.1941) 122 F.2d 675.

The judgment is affirmed.