**LA FEVER, INC., Plaintiff-Appellant,**

v.

**ALL–STAR INSURANCE CORPORATION, Defendant-Appellee.**

**LA FEVER, INC., Plaintiff-Appellant,**

v.

**WESTERN WORLD INSURANCE COMPANY, INC., Defendant-Appellee.**

**No. 76–2310.**

United States Court of Appeals, Fifth Circuit.

April 28, 1978.

Maurice Rosen, No. Miami Beach, Fla., for plaintiff-appellant.

George J. Baya, Miami, Fla., for defendants-appellees.

Before TUTTLE, COLEMAN *, and CLARK, Circuit Judges.

CHARLES CLARK, Circuit Judge:

La Fever, Inc., appeals from an order denying its motion for a new trial based on the recanting affidavit of a witness. At an evidentiary hearing before the district judge who also presided over the original jury trial, the witness reaffirmed his trial testimony. The district court found that the witness had undoubtedly committed perjury. However, the court also found that the witness was wholly unworthy of belief as to any testimony or affidavit given, and therefore it could not determine which of the witness' versions of the facts was perjurious.

La Fever challenges the legal standard applied by the district court in making these findings. It urges that when a material witness recants, a trial court has no further discretion and a new trial must be granted, citing *Martin v. United States*, 17 F.2d 973 (5th Cir.), *cert. denied*, 275 U.S. 527, 48 S.Ct. 20, 72 L.Ed. 408 (1927), which states that in a criminal action the court has a duty to grant a new trial where a government witness admits on oath that he gave perjured or mistaken testimony as to a material issue. The problem for appellant's argument here is similar to that faced by the appellant Martin in his appeal. The

---

* Judge Coleman did not participate in the consideration or decision of this case. Pursuant to 28 U.S.C. § 46(d), the case is decided by a quorum of the court.

assertion of perjury was not proven. Martin was refused new trial relief because that court was unable to find, just as the trial judge was here, that the recanting affidavit was true.

■ Decisions subsequent to *Martin* have spoken to the legal standard for determining whether perjury has been committed. *Larrison v. United States*, 24 F.2d 82, 87–88 (7th Cir. 1928), *citing Martin*, set out this three-part approach to new trial requests:

> [A] new trial should be granted when,
>
> (a) The court is reasonably well satisfied that the testimony given by a material witness is false.
>
> (b) That without it the jury *might* have reached a different conclusion.
>
> (c) That the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial. (emphasis in original)

Our circuit referred to *Larrison* as setting "well defined standards" in *Newman v. United States*, 238 F.2d 861, 862 (5th Cir. 1956). Does then the *Larrison* requirement that the court be "reasonably well satisfied that the testimony given by a material witness is false" require us in this civil case to apply some standard of review which differs from the clearly erroneous testing we would normally give to fact findings of the trial court? No is the answer, for two reasons.

First, this circuit has never applied any part of the *Larrison* standards to review of a new trial ruling in a civil case. *English v. Mattson*, 214 F.2d 406, (5th Cir. 1954), reviewed the denial of a new trial in a double recantation setting almost identical to that present in the case at bar. There we stated:

> It has been uniformly held that according to Rule 59 of Civil Procedure, 28 U.S.C.A., a motion for new trial is addressed to the sound discretion of the trial judge, and will not be disturbed except for a clear abuse of that discretion. Such a motion grounded upon newly discovered evidence will not be granted unless (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.

214 F.2d at 409.[1]

In *Fulenwider v. Wheeler*, 262 F.2d 97, 100 (5th Cir. 1959), a civil case involving a motion for a new trial based on the affidavit of a recanting witness, we stated:

> it is in the absence of a clear abuse of discretion for the trial judge and not the appellate judges to say whether the case is one for setting aside the verdict, and the district judge should not set aside a verdict on such a motion unless it appears to him that the tendered evidence is of such a nature that if offered on a new trial, it would probably change the outcome.

Second, any distinction in the standards is immaterial to resolution of the instant appeal. This is clearly established in *United States v. Johnson*, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946). There the Court reversed the Seventh Circuit for overturning a trial judge's finding that perjury did not exist in denying a new trial in a criminal case. The Court explicitly pretermitted a determination of whether the *Larrison* standard or the civil case new trial standard should have been the guide. More importantly, *Johnson* was emphatic in stating that an appellate court could not intervene to reverse a trial court's findings of fact unless it should "clearly appear that the findings are not supported by any evidence." 327 U.S. at 112, 66 S.Ct. at 466. *See also United States v. Mackin*, 183 U.S. App.D.C. 65, 561 F.2d 958 (1977).

■ The record establishes that the trial court's findings here are not clearly erroneous. Perjury was not proven. The judgment appealed from is

AFFIRMED.

1. *English*, in turn, relies on *Glade v. Allied Electric Products, Inc.*, 135 F.2d 590 (7th Cir. 1943), a case decided by the Seventh Circuit subsequent to *Larrison*, which upholds the denial of a bill of review in a civil action without citing its criminal case precedent in *Larrison*.