791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
DIBRELL RAY NORRIS, Defendant-Appellant.
 85-5524
 United States Court of Appeals, Sixth Circuit.
 4/24/86
 
 AFFIRMED
 M.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 Before: RYAN, Circuit Judge, and CELEBREZZE and BROWN, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Dibrell Ray Norris ('Norris' or 'appellant') was indicted, tried and jury-convicted on charges of sale, receipt and concealment of stolen vehicles, to wit, a bulldozer and a backhoe loader. After his third trial (the first two ended in mistrials), Norris and his codefendant appealed to this Court. In an unpublished per curiam opinion filed May 3, 1984, a panel of this Court affirmed the convictions. United States v. Dibrell Ray Norris & Alex Fred Hull, Nos. 83-5359/83-5474/83-5475. Norris now appeals the district court's denial of his motion for a new trial based on newly-discovered evidence.
 
 
 2
 The principal government witnesses testifying against appellant at the third trial of this case were appellant's brother, William Hourl Norris, an original codefendant who testified pursuant to a plea agreement, Edward Donald Connelly and James David Phillips, cohorts of William Norris, and William John Duncan, Phillips' son-in-law. The portion of the trial relevant to this appeal concerns a Case backhoe which William Norris, Phillips, and Duncan testified they stole from a Michigan construction site in November of 1979.
 
 
 3
 Appellant Ray Norris drove from Tennessee to Michigan and waited at a truck stop restaurant while the others stole the backhoe. When they returned to the restaurant, appellant wrote out a check to William Duncan which William Norris, Phillips, and Duncan testified was in payment for the backhoe. A microfilm copy of the check, obtained from the bank, showed that it was dated November 10, 1979, that the numerical amount was '$6,500,' but that the written portion was 'Sixty-Five Dollars.' William Norris testified that the original check had burned in a fire at his home. Duncan and Phillips testified that the bank's copy of the check was an accurate reproduction of the check given to Duncan by appellant. William Norris further testified that the check did not clear the bank, and that he 'stood good for it.' The president of the Commerce Union Bank in Clarksville, Tennessee, testified that William Norris was a customer of the bank, and that, on December 31, 1979, he obtained a loan from the bank, a portion of which was to pay a debit for a check in the amount of $6,500, signed by Ray Norris.
 
 
 4
 At trial, the defense attempted to show that the check had been altered by raising the numerical amount to $6,500. However, appellant's attempt to obtain scientific ink and handwriting analysis of the check was precluded because of the tertiary nature of the bank copy.
 
 
 5
 In support of his motion for a new trial, appellant submitted the affidavits of two of his sisters, Phyllis Ann Jacobs and Virginia Ruth Kendrick. Ms. Jacobs' affidavit states that, in August, 1984, her brother William told her that he still had the check, and would give it to her. When Ms. Jacobs saw William in November, 1984, she asked about the check and William said that he would 'die or go to hell before [he would] let Ray have it.' Ms. Kendrick's affidavit states that, several years before, Ray had told her that he had purchased a gun from William for $65.00, and that William had raised the check from $65 to $6,500. The affidavit further states that, at a family reunion in August, 1984, William told Ms. Kendrick that he had the check and would give it to her to give to Ray, but that when she called him at Ray's request, approximately one week before the affidavit was signed, he said that he did not have the check and that 'it would not hurt Ray to go to jail.' The district court denied the motion for a new trial.
 
 I.
 
 6
 Appellant contends that the district court erred in failing to conduct an evidentiary hearing on the motion for a new trial, and in failing to make findings of fact and conclusions of law. He requests that the matter be remanded to the district court for further proceedings.
 
 
 7
 A district court judge's denial of a motion for a new trial 'will not be disturbed on appeal unless a clear abuse of discretion is shown.' United States v. Allen, 748 F.2d 334, 337 (6th Cir. 1984). We think the district court did not abuse its discretion in failing to hold an evidentiary hearing on Appellant's motion for a new trial. In United States v. Hoffa, 382 F.2d 856, 864 (6th Cir. 1967), cert. denied 390 U.S. 924 (1968), this Court stated:
 
 
 8
 It has long been settled that the district court may hear a motion for a new trial on newly discovered evidence and decide it on affidavits. Where affidavits and counter-affidavits are filed, the Court may adopt findings of fact. This procedure was approved by the Supreme Court in United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1945).
 
 
 9
 In Hoffa, this Court explicitly rejected the proposition that a district court is required to conduct an oral hearing on every motion for a new trial. 382 F.2d at 864. The district court did not abuse its discretion in this case by not conducting an evidentiary hearing.
 
 
 10
 Appellant, however, contends that the Johnson decision, upon which Hoffa relies, is distinguishable because in that case the district court made detailed findings of fact on each affidavit submitted in support of the motion for a new trial. Appellant argues that the district court erred in this case by not making such findings.
 
 
 11
 Findings of fact would have served no purpose in this case because there were no material facts in dispute. The government did not present any countervailing affidavits in the district court. Indeed, it did not even respond to the appellant's motion and memorandum in support thereof. Since the affidavits submitted by appellant are uncontroverted, this Court, in determining whether the district court abused its discretion in denying Appellant's motion for a new trial, accepts as true the affiants' statements.
 
 II.
 
 12
 Appellant contends that the proper standard for determining whether a new trial is warranted is set forth in Larrison v. United States, 24 F.2d 82, 87-88 (7th Cir. 1928), applied by this Court in Gordon v. United States, 178 F.2d 896, 900 (6th Cir. 1949), cert. denied 339 U.S. 935 (1950). In Gordon, the defendant, in support of his motion for a new trial, filed affidavits of the principal witness against him, who was also a codefendant under the indictment, in which the witness recanted his testimony implicating the defendant in the crime for which defendant had been convicted. The Court held that the Larrison standard applied in cases such as Gordon, in which a government witness recants his testimony. Under this standard,
 
 
 13
 [a] new trial should be granted where the court is reasonably well satisfied that the testimony given by a material witness is false; that, without it, the jury might have reached a different conclusion; that the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial.
 
 
 14
 Gordon, 178 F.2d at 900.
 
 
 15
 The government, however, contends that the proper standards were set forth in United States v. Barlow, 693 F.2d 954, 966 (6th Cir. 1982), cert. denied 461 U.S. 945 (1983), in which this Court stated:
 
 
 16
 Under Rule 33 of the Federal Rules of Criminal Procedure a defendant is entitled to a new trial 'if required in the interest of justice.' Fed. R. Crim. P. 33. Such decisions are addressed to the sound discretion of the trial judge whose decision is not to be disturbed absent a showing of abuse of discretion. United States v. Metz, 652 F.2d 478, 479 (5th Cir. 1981); United States v. Hoffa, 382 F.2d 856, 862 (6th Cir. 1967), cert. denied, 390 U.S. 924, 88 S.Ct. 854, 19 L.Ed. 2d 984 (1968). In making a motion for a new trial based on newly discovered evidence the defendant must show that the evidence (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried. United States v. Hedman, 655 F.2d 813, 814 (7th Cir. 1981); United States v. Garner, 529 F.2d 962, 969 (6th Cir.), cert. denied, 429 U.S. 850, 97 S.Ct. 138, 50 L.Ed. 2d 124 (1976).
 
 
 17
 The 'newly discovered evidence' in Barlow was a letter from the appellant's codefendant stating that the appellant was not involved in the crime for which he had been convicted. The Court held that the district court did not abuse its discretion in denying the motion for a new trial. Id. at 966. Alternatively, the government argues that appellant has not met the more relaxed Larrison standard.
 
 
 18
 We think that Barlow represents the correct standard in this circuit for deciding a motion for a new trial based on newly discovered evidence. See United States v. Scaife, 749 F.2d 338, 349 (6th Cir. 1984); United States v. Terry, 729 F.2d 1063, 1067 (6th Cir. 1984). Appellant has failed to establish at least two prongs of the Barlow standard. Under the third prong, new evidence which is merely cumulative or impeaching cannot be the basis of a motion for a new trial.
 
 
 19
 In this case, the statements in the affidavits merely tend to impeach the testimony of the government witnesses at trial regarding the receipt of the check, its condition upon receipt, and the existence of the original at the time of the trial. Moreover, under the fourth prong of Barlow, there is no indication that an acquittal would probably result if the case were retried. Neither of appellant's sisters claims to have the check in her possession, and even if the check were produced, the probability that appellant could obtain an acquittal based upon his theory that the check has been altered seems slim, given the evidence presented at the trial.
 
 
 20
 Even under the standard advanced by appellant, the district court must be reasonably well satisfied that a material witness testified falsely. Gordon, 178 F.2d at 900. The district court judge who decided appellant's motion for a new trial had seen and heard the evidence presented in the three trials of this case. Accepting as true the affiant's statements about what William Norris told them reqarding the check, the district court judge was still entitled to weigh the credibility of William Norris' statements to his sisters. Since the district judge had observed William Norris' demeanor at the three trials, he certainly was qualified to resolve the issue of William Norris' credibility. Therefore, even under the standard advanced by appellant, we hold that the district court did not abuse its discretion in summarily denying appellant's motion for a new trial.
 
 
 21
 Accordingly, the judgment of the district court is affirmed.