IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50514
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DARREN ANTHONY LAW,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for
the Western District of Texas
(USDC No. W-99-CR-26-1)
_____
April 5, 2001

Before REAVLEY, SMITH and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:[*]

    Darren Law appeals his conviction for aggravated carjacking and aggravated use of

a firearm during a crime of violence.  Mr. and Mrs. Ezra Griffin were carjacked in a

parking lot in Waco.  During the course of this crime, Mr. Griffin was shot in the leg.  He

was taken to hospital and died of heart failure fifty-two days later.  Law was convicted by

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

a jury. On appeal, he argues that he is entitled to reversal because 1) the district court improperly admitted evidence of another crime; 2) the government knowingly solicited and used false testimony; and 3) the jury was not instructed on the aggravating elements of the offenses. We affirm.

## EVIDENCE OF THE EARLIER CRIME

Over the defendant's objection, the prosecution introduced evidence of a crime that took place sixteen hours before the carjacking. This crime was an armed robbery. Two men, Thomas Brown and Dewayne Majors, were traveling through Waco when their car broke down. They were held up at gun point by a man wearing a stocking cap. During the robbery, the man ejected a cartridge from the gun as a show of force. Police later discovered the cartridge and analysis showed that the cartridge was ejected from the gun used in the carjacking. Majors identified Law as the robber from a photo lineup and later identified him at the trial.

Law argues that the evidence of the earlier crime proved action in conformity with character and was therefore inadmissible. *See* FED. R. EVID. 404(b). But evidence of an earlier crime is admissible to show the identity of the defendant. *See id.* When evidence is introduced to show identity, the physical similarity between the offenses must be such that it marks them as the handiwork of the accused. *See United States v. Bailey*, 111 F.3d 1229, 1234 (5th Cir. 1997). Here, the government's ballistics expert testified that the

2

cartridge recovered at the earlier robbery and the cartridge used in the Griffin carjacking were used in the same weapon "to the exclusion of all other firearms in the world." This evidence tends to prove that the same gun was used in the carjacking and the earlier robbery. Combined with Majors' identification of Law as the perpetrator of the earlier robbery, this evidence tends to prove that Law carjacked the Griffins. Accordingly, the evidence goes to identity and is admissible.

## SNEED'S TESTIMONY

Law put on an alibi defense at trial, but did not call Robert Sneed, who was part of the alibi story. After the parties closed, the prosecution requested the court give them leave to call Sneed. Sneed took the stand the next day, testifying that although he recalled being with Law at the same time of day as the carjacking, he could not remember whether they had been together on January 25, 1999 (the day of the carjacking) or January 28, 1999. He also testified that soon after the incident, he had told an investigating officer that it was on the 28th.

The defense then obtained an affidavit from Sneed. In the affidavit, he testified that he had been visited by investigating officers, U.S. Marshals, and the prosecuting attorney. Sneed said that they threatened him with an arrest warrant and told him he was a suspect in the carjacking. Sneed thought that he was with Law in East Waco during the crime and that he told the officers this. Sneed affirmed that the officers told him they

3

wanted him to testify that he had been with Law on January 28, which was not the day of the crime, and that they told him they would tear up the arrest warrant if he testified as they asked.

Based on Sneed's affidavit, Law filed a motion for new trial. At the hearing on this motion, Sneed took the stand again. There he recanted most of his affidavit. He testified that he did not remember what day he had spent with Law, and that he had told officers that it was probably January 28. He also testified that a detective working for the defense had typed up the affidavit for him.

If the allegations Sneed made in his affidavit were true, they would be grounds for a new trial. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959). But the district court chose to believe Sneed's testimony at the hearing over his affidavit. On a motion for new trial, a finding of fact should be affirmed by a reviewing court unless wholly unsupported by the evidence. *See United States v. Johnson*, 327 U.S. 106, 111-12 (1946). Given the ample evidence provided by Sneed's testimony in court, we cannot disturb the district court's finding that Sneed lied in his affidavit.

FAILURE TO INSTRUCT ON THE AGGRAVATING ELEMENTS

Law was convicted of aggravated carjacking and aggravated use of a firearm

4

during a crime of violence. Law argues that these convictions should be overturned because the jury was not instructed on the aggravating elements of the offenses.

1) Aggravated Carjacking Under 18 U.S.C. § 2119.

The aggravating element of the carjacking offense was that the crime resulted in the death of Mr. Griffin. The maximum sentence for basic carjacking–where serious bodily injury or death is not a result–is fifteen years. *See* 18 U.S.C. § 2119. For aggravated carjacking, where death results, the maximum sentence is death or life. *See id.*

In March of 1999, The United States Supreme Court held that under 18 U.S.C. § 2119(3), the requirement that the crime result in death was not a sentencing enhancement for the judge to decide but rather an element of the offense to be submitted to the jury. *See Jones v. United States*, 526 U.S. 227, 252 (1999). The requirement that the carjacking result in Mr. Griffin's death was listed in the Law's indictment. But despite the fact that *Jones* was decided before the charge was submitted, a listing of the elements of the crime in the instructions failed to include the requirement that the crime result in death. The charge did, however, repeat the language of the indictment, which contained the results-in-death requirement.

The Government argues that because the indictment recited in the charge contained the results-in-death requirement, and because in the context of the trial the jury

5

must have understood that the omitted aggravator was an element of the crime, the charge was not erroneous. Our difficulty is that a proper charge, when read as a whole, must be "a correct statement of the law" that "clearly instructs jurors as to the principles of law applicable to the factual issues confronting them." *United States v. Gray*, 105 F.3d 956, 967 (5th Cir. 1997). Even if it is presumed that the jury understood that it was charged with deciding whether Law caused Ezra Griffin's death, some of the instructions were not "clear" on this point.

The government next argues that any error in the charge was harmless. If a proper objection is made at trial, omission of a necessary element in the charge instructions is subject to harmless-error review. *See Neder v. United States*, 527 U.S. 1, 19-20 (1999). Absent a proper objection, the omission is reviewed for plain error. *See United States v. Davis*, 202 F.3d 212, 216 n.5 (4th Cir. 2000); *United States v. Mojica-Baez*, 229 F.3d 292, 307 (1st Cir. 2000). Law did not object to the instructions before they were submitted and thus they are reviewed for plain error. *See* FED. R. CRIM. PRO. 30.

Under plain-error review, the defendant bears the burden of showing that the error was "prejudicial," meaning that it must have affected the outcome of the district court proceedings. *See United States v. Olano*, 507 U.S. 725, 734 (1993). Law cannot make this showing. Griffin died of heart failure fifty-two days after the carjacking. He was seventy-one. The prosecution put on two witnesses who described Griffin's death: Dr. Tom Lundeen, a cardiologist who treated Griffin, and Dr. Marc Krouse, the Fort Worth Deputy Chief Medical Examiner. Law did not call any medical witnesses, but did cross

6

examine the prosecution's witnesses. Lundeen testified that in his opinion the bullet wound led to Griffin's death. On cross-examination, Lundeen testified that Griffin had severe and irreparable heart disease, which meant that Griffin could have had a heart attack any day. Krouse testified that after examination and review of Griffin's records, he concluded that Griffin's death was a result of the complications from his injury. On cross-examination, Krouse testified that Griffin's heart condition was potentially fatal in itself. When asked how certain he was that the gunshot wound caused Griffin's death, Krouse replied that it was a "reasonable medical probability." By its verdict, the jury found Law to be guilty "of the offense of Carjacking as alleged in Count One of the Indictment." Law fails to demonstrate prejudice.

Law points out that the elements the jury was instructed on are those of the lesser-included offense of basic (non-aggravated) carjacking, and because he was convicted of the lesser crime, his case should be remanded for re-sentencing to the term corresponding to that offense. He notes that in *Neder* the elements submitted to the jury did not state any offense, and urges us to distinguish this case on that ground. Because this error goes to sentencing and Law made this argument at sentencing, his objection was timely and we review it de novo. *See United States v. Doggett*, 230 F.3d 160, 165 (5th Cir. 2000).

Although Law is correct that this case is distinguishable from *Neder* in that here the elements submitted to the jury were sufficient to state a lesser-included offense, he has given us no reason why this means a reviewing court should not use a *Neder*-type analysis to fill in the missing element. Certainly it would be problematic if, as Law

7

suggests, prosecutors deliberately omitted aggravating elements from indictments and later relied on *Neder* review to argue that the criminal was convicted of the aggravated offense. But here there is no doubt that the indictment served its function of alerting Law that the question of Griffin's death was at issue in the trial. *See Russell v. United States*, 369 U.S. 749, 763 (1962) (stating that the indictment must sufficiently apprise the defendant of what he must be prepared to meet). When faced with this same situation, other circuits have applied harmless-error review or plain-error review despite the fact that the elements submitted to the jury were sufficient to state a lesser-included offense. *See United States v. Perez-Montañez*, 202 F.3d 434, 441-42 (1st Cir. 2000) (concerning the same carjacking statute at issue here); *Davis*, 202 F.3d at 216-17. Today we follow suit. Because Law cannot meet his burden of showing that the erroneous instruction prejudiced his trial, we do not overturn his conviction or sentence because of the error in the charge.

2) Using a Firearm During a Crime of Violence Under 18 U.S.C. § 924(c)(1)

Law was also convicted of using a firearm during a crime of violence. As with the carjacking offense, it is arguable that the instruction omitted the element that Law discharged his firearm during the carjacking. *See* 18 U.S.C. § 924(c)(1). Assuming the instruction to be in error, *see Castillo v. United States*, 530 U.S. 120, 131 (2000), it is undisputed that the carjacker discharged his weapon during the crime. Because the jury

8

found that Law was the carjacker, it must have found that he discharged his weapon, and the verdict specified guilt "as alleged in Count Two of the Indictment." Thus Law cannot meet his burden of showing that the omission is reversible error under either plain-error or harmless-error review.

AFFIRMED.