**UNITED STATES of America,**
**Appellee,**

v.

**Haim YUZARY, Defendant–Appellant.**

No. 00–1653.

United States Court of Appeals,
Second Circuit.

Aug. 21, 2001.

Ivan S. Fisher, Ivan S. Fisher, Esq., New York, NY, for appellant.

**46**

Justin S. Weddle, United States Attorney's Office for the Southern District of New York, NY; Mary Jo White, United States Attorney, and Cathy Seibel, Assistant United States Attorney, on the brief.

Present MINER, JACOBS and CALABRESI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be AFFIRMED.

Defendant-appellant Haim Yuzary appeals from a judgment of conviction entered on September 15, 2000, in the United States District Court for the Southern District of New York (Patterson, J.). Yuzary was convicted by a jury on June 13, 1997, following an eight-day trial, on both counts of a two-count indictment charging him with (1) conspiring in 1990 and 1991 to commit money laundering, in violation of Title 18 U.S.C. § 371; and (2) attempting to transport funds out of the United States while "knowing that such transportation was designed in whole and in part ... to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity," in violation of 18 U.S.C. § 1956(a)(2)(B).

 The evidence at trial established that in late 1990, Yuzary was recruited by a Panamanian money launderer for Colombian drug traffickers. As part of the scheme, Yuzary would pick up drug proceeds in New York, bring the cash to Panama, and effect personal delivery. Yuzary would receive four percent of each cash delivery in payment for his services.

Yuzary challenges his conviction on the following grounds:

(1) His trial counsel labored under an unspecified conflict of interest at sentencing, during which counsel was uncomfortable in contending with his client's evident desire to alter testimony in a way that might have been perjurious. The district court erred in denying counsel's request for an adjournment because Yuzary was forced to proceed to sentencing without effective assistance of counsel.

(2) The district court abused its discretion in denying Yuzary's motion for a new trial without conducting a hearing. The motion was based on proffers that the money-laundering operation was subject to wiretapping surveillance in Panama, a technique that was illegal under Panama law, and that the circumstances of Yuzary's airport arrest, as he left the United States for Panama, suggested that U.S. Customs Officials were on the lookout for him, presumably because of a tip from Panamanian authorities.

The district court's decision to refuse to adjourn sentencing is reviewed for abuse of discretion. *United States v. Booth,* 996 F.2d 1395, 1397–98 (2d Cir.1993). "A sentencing court has broad discretion respecting the scheduling of sentencing proceedings. Absent a showing both that the denial (of a requested continuance of sentencing) was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence, we will not vacate a sentence because a continuance was denied." *Id.* (quoting *United States v. Prescott,* 920 F.2d 139, 146–147 (2d Cir. 1990)).

Under *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a claim of ineffective assistance of counsel requires the defendant to prove that counsel's performance

fell below an objective standard of reasonableness and that he suffered prejudice. Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. White*, 174 F.3d 290, 294 (2d Cir.1999) (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052).

▮ Where a defendant's ineffective assistance of counsel claim is based on an alleged conflict of interest, "a defendant is entitled to a presumption of prejudice if he can demonstrate that his attorney labored under an actual conflict of interest and that the 'actual conflict of interest adversely affected his lawyer's performance.'" *Id.* at 295 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348–49, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)).

There is an actual conflict between lawyer and client when, during the course of the representation, the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action.... To prove adverse effect, the defendant must demonstrate that some plausible alternative defense strategy or tactic might have been pursued, and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests.

*Armienti v. United States*, 234 F.3d 820, 824 (2d Cir.2000) (internal quotations and citations omitted).

▮ The district court's ruling denying Yuzary's request to adjourn sentencing proceedings was not arbitrary, nor did it substantially impair Yuzary's opportunity to secure a fair sentence. *Prescott*, 920 F.2d at 146–47. Counsel gave the court no information about the purported ethical dilemma he faced; so the district judge had no basis to justify the continuance sought by defense counsel.[1] Nor was Yuzary impaired or prejudiced by the refusal to adjourn. As to the ethical issue, Yuzary admits that defense counsel acted appropriately. Yuzary does not argue that his counsel would have acted differently if given the opportunity to adjourn and consult with an ethics expert. Yuzary's counsel continued to represent Yuzary zealously even after the supposed ethical conflict arose.[2]

▮ In addition to our conclusion that Yuzary's opportunity to secure a fair sentence was not substantially impaired, we conclude that defense counsel had no actual conflict of interest. The Supreme Court has explained that where a supposed conflict is provoked by a client's proposal to commit perjury, the resulting tension between a lawyer's duty of loyalty to his client and the ethical duty to the court is not a "conflict" between lawyer and client that infringes any legitimate interest. *Nix v. Whiteside*, 475 U.S. 157, 176, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986).[3]

1. As it was, Yuzary was sentenced more than three years after his conviction.

2. Yuzary argues in his statement of facts, but not in the argument section of his brief, that the court "applied an incorrect legal standard to its decision to depart." Yuzary claims that the court mistakenly believed that it could not grant any of Yuzary's departure motions unless it found that Yuzary had accepted responsibility before trial. This claim is not properly preserved for review. In any event, the record demonstrates that the court considered each ground of departure urged by Yuzary, and that there is no "clear evidence" that the district judge misapprehended his authority. Clear evidence of misapprehension is necessary to overcome the presumption that the district court understood its discretion to depart. *See United States v. Brown*, 98 F.3d 690, 694 (2d Cir.1996).

3. Even if Yuzary could show actual conflict, because he conceded that his attorney resolved the ethical dilemma appropriately, he is unable to demonstrate that a "plausible

Nor has Yuzary demonstrated that he has a potential conflict of interest under *Strickland. See Armienti*, 234 F.3d at 824; *White*, 174 F.3d at 296. *Strickland's* first prong requires Yuzary to show that his counsel's performance fell below an objective standard of representation. However, given Yuzary's concession that his counsel did everything correctly and acted ethically, he cannot satisfy this prong.

Even if Yuzary had shown that his attorney erred, he cannot show prejudice. *Strickland* prejudice must result from counsel's unprofessional errors (not from the defendant's conduct taken under free will). Yuzary claims that the district judge's decision to deny his motion for a downward departure (premised on post-arrest rehabilitation, charitable and civic activities, and the fact that he had been prosecuted two times for distinct crimes relating to his 1991 arrest) was the result of Yuzary's attempt to retract an admission he made earlier during the sentencing hearing. The record does not support this. The district judge was considering granting Yuzary's motion for a departure. However, after the judge denied this motion, he stated: "I mean, frankly, although I hadn't made up my mind, I wasn't going to make up my mind on the issue of departure until after I heard Mr. Yuzary. I was not going to go along with you on your request for a departure, Mr. Fisher. The reasons—and I will give you the reasons quickly .... [listing reasons] ... So he hasn't damaged himself, he just hasn't helped himself any by his statement." The district judge made this statement *before* Yuzary attempted to "clarify" his admission of guilt, and before defense

counsel raised any ethical dilemma. Therefore, any claim to the contrary notwithstanding, counsel's ethical dilemma and Yuzary's subsequent statements to the Court had no effect on the outcome of Yuzary's departure motion.

 A motion for a new trial under Fed.R.Crim.P. 33 based on newly discovered evidence is granted only " '*in the most extraordinary circumstances.*' " *United States v. Petrillo*, 237 F.3d 119, 123 (2d Cir.2000) (emphasis in original) (quoting *United States v. Diaz*, 176 F.3d 52, 106 (2d Cir.) (internal quotations and citations omitted), *cert. denied*, 520 U.S. 875, 117 S.Ct. 1783, 138 L.Ed.2d 76 (1999)). To succeed on such a motion, a defendant must show that (1) "the 'newly discovered evidence' could not with due diligence have been discovered before or during trial"; (2) "when the newly discovered evidence focuses on the perjury of a witness, ... the evidence demonstrates that the witness in fact committed perjury"; (3) "the newly discovered evidence [is] material"; and (4) the newly discovered evidence is not "cumulative." *United States v. White*, 972 F.2d 16, 20–21 (2d Cir.1992). Newly discovered evidence is material only if it is such that it would create a reasonable doubt that would not otherwise exist, and "probably" lead to an acquittal. *United States v. Diaz*, 922 F.2d 998, 1006 (2d Cir.1990) (internal quotation marks omitted).

 A court's decision on a motion for a new trial is reviewed under an "abuse of discretion" standard. *United States v. Johnson*, 327 U.S. 106, 111–12, 66 S.Ct. 464, 90 L.Ed. 562 (1946). Unless a district court's findings are "wholly unsupported by [the] evidence," it will be upheld on appeal. *Id.* Likewise, the decision whether

---

alternative defense strategy or tactic might have been pursued," and that this alternative strategy was "inherently in conflict with or not undertaken due to the attorney's other

loyalties or interests." *Armienti*, 234 F.3d at 824 (internal citations and quotations omitted).

to conduct an evidentiary hearing on a motion for a new trial is discretionary. *See United States v. Sasso*, 59 F.3d 341, 350–51 (2d Cir.1995).

Yuzary has not shown that a new trial is warranted, and the district court did not abuse its discretion in ruling on the Rule 33 motion without a hearing. The affidavits submitted by Yuzary and his son contain no newly discovered evidence; the affirmations submitted by defense counsel is not competent evidence because it is not based on personal knowledge, and in any event, does not make an evidentiary showing of wiretapping; the affidavit submitted by the Panamanian lawyer regarding the illegality of wiretapping in Panama is irrelevant; the file search conducted by the government revealed no evidence of wiretapping; and there is no evidence that anyone involved in the arrest or prosecution of Yuzary had any pre-arrest knowledge of him.

The documents discovered during the investigation do not compel us to rule otherwise. They reflect little more than that Panamanian officials observed Yuzary entering the country on two occasions carrying large amounts of money in cash. The documents do not provide support for Yuzary's theory that information learned about him in Panama was communicated to the United States prior to his arrest and that U.S. agents were therefore on the lookout for Yuzary. Given this, there is no newly discovered evidence of any material fact that justified a hearing.

For the foregoing reasons, the district court's denial of Yuzary's request for an adjournment in the sentencing proceedings, and denial of Yuzary's Rule 33 motion for a new trial absent an evidentiary hearing, are AFFIRMED.