13-3369 (L)
*United States v. Herman Quinones and Antonio Quinones*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October, two thousand fourteen.**

PRESENT:     JOHN M. WALKER, JR.
                    JOSÉ A. CABRANES,
                    RAYMOND J. LOHIER, JR.,
                                *Circuit Judges.*

--------------------------------------------------

UNITED STATES OF AMERICA,

            *Appellee,*

            v.

HERMAN QUINONES, ANTONIO QUINONES,

            *Defendants-Appellants,*

JOSE LOPEZ, AKA PEPE, ET AL.,

            *Defendants.*

--------------------------------------------------

No. 13-3369 (L), 13-3377 (con)

**FOR DEFENDANTS-APPELLANTS:**          Herman Quinones, *pro se*, Miami, FL;
                                                          Antonio Quinones, *pro se*, Estill, SC.

**FOR APPELLEE:**          Emily Berger, Susan Corkery, Assistant
                                    United States Attorneys, *for* Loretta E. Lynch,
                                    United States Attorney for the Eastern
                                    District of New York, Brooklyn, NY.

Appeal from an August 9, 2013 order of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Defendants-appellants Antonio and Herman Quinones, proceeding *pro se*, appeal the district court's denial of their motion for a new trial pursuant to Federal Rule of Criminal Procedure 33(b). Following their convictions on charges including the distribution of controlled substances, defendants moved for a new trial on the basis of alleged newly discovered evidence—specifically, the full names, correctly spelled, of the attorneys who had provided defendants certain counsel regarding their internet pharmacy business. The district court concluded that the allegedly new evidence failed in every respect to meet the requisite standard required for a new trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a Rule 33 motion for "abuse of discretion." *United States v. James*, 712 F.3d 79, 107 (2d Cir. 2013). *See generally In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion," which includes errors of law and clearly erroneous assessments of the evidence). The district court's findings will thus be upheld unless they are "wholly unsupported by [the] evidence." *United States v. Johnson*, 327 U.S. 106, 111 (1946); *accord United States v. Polisi*, 416 F.2d 573, 576 (2d Cir. 1969). In order to obtain Rule 33 relief based on a claim of newly discovered evidence, the burden is on the defendant to show:

> (1) that the evidence is newly discovered after trial; (2) that facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) that the evidence is material; (4) that the evidence is not merely cumulative or impeaching; and (5) that the evidence would likely result in an acquittal.

*James*, 712 F.3d at 107 (citing *United States v. Owen*, 500 F.3d 83, 88 (2d Cir. 2007)) (internal quotation marks omitted). We likewise review the decision as to whether to conduct an evidentiary hearing on the motion for abuse of discretion. *United States v. Sasso*, 59 F.3d 341, 350 (2d Cir. 1995).

Here, the record and relevant case law reveal that the district court did not abuse its discretion in denying defendants' new trial motion. We affirm for substantially the same reasons stated by the district court in its thorough decision.

We have considered all of defendants' arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk